**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DISTRICT**

| | |
|---|---|
| **ANNETTE NAVARRO,** ) | |
| ) | **CIVIL ACTION NO. 1:17-CV-00406-TSB** |
| **PLAINTIFF,** ) | |
| ) | |
| **v.** ) | **JUDGE TIMOTHY S. BLACK** |
| ) | |
| **THE PROCTER & GAMBLE COMPANY,** ) | |
| **ET AL.** ) | |
| ) | |
| **DEFENDANTS.** ) | |
| ) | |

**ANSWER TO THE COMPLAINT ON BEHALF OF**
**DEFENDANT THE PROCTER & GAMBLE COMPANY**

Comes now Defendant The Procter & Gamble Company ("Defendant" or "P&G"), by and through its counsel, and for its Answer to Plaintiff's Complaint & Jury Demand ("Complaint"), hereby states and avers as follows below. Unless otherwise expressly admitted herein, P&G hereby denies all allegations in the Complaint, and denies that Plaintiff is entitled to any relief. The following numbered paragraphs and headings correspond to the numbered paragraphs and headings contained in the Complaint.

P&G denies any and all allegations in the opening paragraph of the Complaint.

1.      P&G denies the allegations set forth in paragraph 1 of the Complaint.

2.      P&G is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 2 of the Complaint and therefore denies same.

3.      P&G admits that it is one of the largest consumer products companies in the world, and otherwise admits the allegations set forth in Paragraph 3 of the Complaint.

4.       P&G admits that it has worked with LPK Global Brand Design Agency in connection with acquiring and preparing branding materials for P&G's Olay products. P&G is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 4 of the Complaint and therefore denies same.

5.       P&G admits that it has worked with Saatchi & Saatchi X in connection with acquiring and preparing branding materials for P&G's Olay products. P&G is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 5 of the Complaint and therefore denies same.

6.       P&G admits that federal courts have exclusive jurisdiction over copyright actions, but otherwise denies any further allegations set forth in Paragraph 6 of the Complaint and therefore denies same.

7.       P&G denies that the Complaint sets forth any "non-federal" claims and is otherwise without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 7 of the Complaint and therefore denies same.

8.       P&G states that the allegations in Paragraph 8 of the Complaint are unclear, and therefore denies same.

9.       Paragraph 9 of the Complaint asserts a legal conclusion which P&G therefore, denies.

10.       P&G is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 10 of the Complaint and therefore denies same.

11.       P&G is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 11 of the Complaint and therefore denies same.

12.     P&G is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 12 of the Complaint and therefore denies same.

13.     P&G is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 13 of the Complaint and therefore denies same.

14.     P&G is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 14 of the Complaint and therefore denies same.

15.     P&G is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 15 of the Complaint and therefore denies same.

16.     P&G is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 16 of the Complaint and therefore denies same.

17.     P&G is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 17 of the Complaint and therefore denies same.

18.     P&G is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 18 of the Complaint and therefore denies same.

19.     P&G is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 19 of the Complaint and therefore denies same.

20.     P&G is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 20 of the Complaint and therefore denies same.

21.     P&G is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 21 of the Complaint and therefore denies same.

22.     P&G is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 22 of the Complaint and therefore denies same.

23.     P&G is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 23 of the Complaint and therefore denies same.

24.     P&G is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 24 of the Complaint and therefore denies same.

25.     P&G is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 25 of the Complaint and therefore denies same.

26.     P&G is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 26 of the Complaint and therefore denies same.

27.     P&G denies the allegations as stated in Paragraph 27 of the Complaint.

28.     P&G is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 28 of the Complaint and therefore denies same.

29.     P&G is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 29 of the Complaint and therefore denies same.

30.     P&G is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 30 of the Complaint and therefore denies same.

31.     P&G is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 31 of the Complaint and therefore denies same.

32.     P&G is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 32 of the Complaint and therefore denies same.

33.     P&G is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 33 of the Complaint and therefore denies same.

34.     P&G is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 34 of the Complaint and therefore denies same.

35.     P&G is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 35 of the Complaint and therefore denies same.

36.     P&G denies the allegations set forth in Paragraph 36 of the Complaint.

37.     P&G admits that Plaintiff submitted an invoice regarding photographs allegedly owned by her. P&G is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 37 of the Complaint and therefore denies same.

38.     P&G admits that it has not submitted payment to Plaintiff on the invoice referenced in Paragraph 37 above. P&G is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 38 of the Complaint and therefore denies same.

39.     P&G admits it has fully paid for all rights necessary for use of the model likeness, but otherwise is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 39 of the Complaint and therefore denies same.

40.     P&G is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 40 of the Complaint and therefore denies same.

41.     P&G is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 41 of the Complaint and therefore denies same.

42.     P&G is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 42 of the Complaint and therefore denies same.

43.     P&G is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 43 of the Complaint and therefore denies same.

44.     P&G is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 44 of the Complaint and therefore denies same.

45.     P&G admits it has fully paid for all rights necessary for use of the model likeness, but otherwise is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 45 of the Complaint and therefore denies same.

46.     P&G is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 46 of the Complaint and therefore denies same.

47.     P&G denies the allegations set forth in Paragraph 47 of the Complaint.

48.     P&G denies the allegations set forth in Paragraph 48 of the Complaint.

49.     P&G is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 49 of the Complaint and therefore denies same.

50.     P&G is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 50 of the Complaint and therefore denies same.

51.     P&G is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 51 of the Complaint and therefore denies same.

52.     P&G is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 52 of the Complaint and therefore denies same.

53.     P&G is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 53 of the Complaint and therefore denies same.

54.     P&G is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 54 of the Complaint and therefore denies same.

55.    P&G is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 55 of the Complaint and therefore denies same.

56.    P&G is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 56 of the Complaint and therefore denies same.

57.    P&G is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 57 of the Complaint and therefore denies same.

58.    P&G is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 58 of the Complaint and therefore denies same.

59.    P&G is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 59 of the Complaint and therefore denies same.

60.    P&G is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 60 of the Complaint and therefore denies same.

61.    P&G is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 61 of the Complaint and therefore denies same.

62.    P&G is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 62 of the Complaint and therefore denies same.

63.    P&G is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 63 of the Complaint and therefore denies same.

64.    P&G admits that it obtained a license, and that Plaintiff was fully paid for P&G's use in Western Europe for the "Olay Facial Hair Removal (Teal Box)" images, which license P&G did not exercise, but otherwise, P&G is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 64 of the Complaint and therefore denies same.

65.     P&G admits that it obtained a license, and that Plaintiff was fully paid for P&G's promotional and ancillary usage of images for the "Olay Facial Hair Removal (Teal Box)" product, but otherwise, P&G is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 65 of the Complaint and therefore denies same.

66.     P&G is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 66 of the Complaint and therefore denies same.

67.     P&G is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 67 of the Complaint and therefore denies same.

68.     P&G is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 68 of the Complaint and therefore denies same.

69.     P&G is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 69 of the Complaint and therefore denies same.

70.     P&G denies the allegations as stated in Paragraph 70 of the Complaint.

71.     P&G denies the allegations as stated in Paragraph 71 of the Complaint.

72.     P&G is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 72 of the Complaint and therefore denies same.

73.     P&G admits that some Olay Facial Hair Removal (Teal Box) products remain in the marketplace, but P&G is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 73 of the Complaint and therefore denies same.

74.     P&G admits that it has fully paid for all model likenesses for Images 2-6, but otherwise is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 74 of the Complaint and therefore denies same.

75.     P&G denies the allegations as stated in Paragraph 75 of the Complaint.

76.     P&G admits it has fully paid for all model likenesses, but otherwise is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 76 of the Complaint and therefore denies same.

77.     P&G denies the allegations in Paragraph 77 of the Complaint.

78.     P&G admits that some Olay Facial Hair Removal (Teal Box) products remain in the marketplace, but P&G is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 78 of the Complaint and therefore denies same.

79.     P&G is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 79 of the Complaint and therefore denies same.

80.     P&G is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 80 of the Complaint and therefore denies same.

81.     P&G is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 81 of the Complaint and therefore denies same.

82.     P&G is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 82 of the Complaint and therefore denies same.

83.     P&G is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 83 of the Complaint and therefore denies same.

84.     P&G denies the allegations in Paragraph 84 of the Complaint.

85.     P&G is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 85 of the Complaint and therefore denies same.

86.     P&G is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 86 of the Complaint and therefore denies same.

87.     P&G is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 87 of the Complaint and therefore denies same.

88.     P&G is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 88 of the Complaint and therefore denies same.

89.     P&G admits it obtained a license, and that Plaintiff was fully paid for P&G's use of the images on the "Olay Facial Hair Removal (Purple Box)" product, but otherwise, P&G is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 89 of the Complaint and therefore denies same.

90.     P&G is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 90 of the Complaint and therefore denies same.

91.     P&G denies the allegations as stated in Paragraph 91 of the Complaint.

92.     P&G denies the allegations as stated in Paragraph 92 of the Complaint.

93.     P&G admits that some Olay Facial Hair Removal (Purple Box) products remain in the marketplace, but P&G is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 93 of the Complaint and therefore denies same.

94.     P&G admits it has fully paid for all model likenesses, but otherwise is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 94 of the Complaint and therefore denies same.

95.    P&G denies the allegations set forth in Paragraph 95 of the Complaint.

96.    P&G is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 96 of the Complaint and therefore denies same.

97.    P&G is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 97 of the Complaint and therefore denies same.

98.    P&G is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 98 of the Complaint and therefore denies same.

99.    P&G is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 99 of the Complaint and therefore denies same.

100.    P&G is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 100 of the Complaint and therefore denies same.

101.    P&G is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 101 of the Complaint and therefore denies same.

102.    P&G is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 102 of the Complaint and therefore denies same.

103.    P&G is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 103 of the Complaint and therefore denies same.

104.    P&G is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 104 of the Complaint and therefore denies same.

105.    P&G is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 105 of the Complaint and therefore denies same.

106.    P&G admits it obtained a license, paid for and approved Images 11 and 12, but otherwise P&G is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 106 of the Complaint and therefore denies same.

107.    P&G is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 107 of the Complaint and therefore denies same.

108.    P&G is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 108 of the Complaint and therefore denies same.

109.    P&G is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 109 of the Complaint and therefore denies same.

110.    P&G is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 110 of the Complaint and therefore denies same.

111.    P&G admits that Bridget Quinn spoke to Plaintiff on February 24, 2014. P&G is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 111 of the Complaint and therefore denies same.

112.    P&G is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 112 of the Complaint and therefore denies same.

113.    P&G admits the allegations set forth in Paragraph 113 of the Complaint.

114.    P&G admits that Ms. Quinn received price estimates for the United Kingdom and Spain, but is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 114 of the Complaint and therefore denies same.

115.    P&G is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 115 of the Complaint and therefore denies same.

P&G further denies for lack of knowledge as to "Defendant Landor" as stated in Paragraph 115 of the Complaint.

116.     P&G is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 116 of the Complaint and therefore denies same. P&G further denies for lack of knowledge as to "Defendant Landor" as stated in Paragraph 116 of the Complaint.

117.     P&G is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 117 of the Complaint and therefore denies same. P&G further denies for lack of knowledge as to "Defendant Landor" as stated in Paragraph 117 of the Complaint.

118.     P&G denies the allegations set forth in Paragraph 118 of the Complaint.

119.     P&G is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 119 of the Complaint and therefore denies same.

120.     P&G denies as stated the allegations set forth in Paragraph 120 of the Complaint.

121.     P&G is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 121 of the Complaint and therefore denies same.

122.     P&G is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 122 of the Complaint and therefore denies same.

123.     P&G admits it has fully paid for all use of model likenesses, but otherwise is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 123 of the Complaint and therefore denies same.

124.     P&G admits it has fully paid for all use of the model likenesses, but otherwise is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 124 of the Complaint and therefore denies same.

125.     P&G denies the allegations as stated in Paragraph 125 of the Complaint and otherwise is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 125 of the Complaint and therefore denies same.

## P&G'S ANSWER TO COUNT I - STATUTORY COPYRIGHT INFRINGEMENT
### (Olay Supersonic)

126.     P&G denies the allegations set forth in Paragraph 126 of the Complaint.

127.     P&G denies the allegations set forth in Paragraph 127 of the Complaint.

128.     P&G denies the allegations set forth in Paragraph 128 of the Complaint.

129.     P&G denies the allegations set forth in Paragraph 129 of the Complaint.

130.     P&G denies the allegations set forth in Paragraph 130 of the Complaint.

131.     P&G denies the allegations set forth in Paragraph 131 of the Complaint.

## P&G'S ANSWER TO COUNT II - STATUTORY COPYRIGHT INFRINGEMENT
### (Olay/Olaz Regenerist Advanced Cleansing)

132.     P&G denies the allegations set forth in Paragraph 132 of the Complaint.

133.     P&G denies the allegations set forth in Paragraph 133 of the Complaint.

134.     P&G denies the allegations set forth in Paragraph 134 of the Complaint.

135.     P&G denies the allegations set forth in Paragraph 135 of the Complaint.

136.     P&Gs deny the allegations set forth in Paragraph 136 of the Complaint.

## P&G'S ANSWER TO COUNT III - STATUTORY COPYRIGHT INFRINGEMENT
### (Olay Facial Hair Removal (Teal Box) – North America)

137.     P&G denies the allegations set forth in Paragraph 137 of the Complaint.

138.     P&G denies the allegations set forth in Paragraph 138 of the Complaint.

139.     P&G denies the allegations set forth in Paragraph 139 of the Complaint.

140.     P&G denies the allegations set forth in Paragraph 140 of the Complaint.

## P&G'S ANSWER TO COUNT IV - STATUTORY COPYRIGHT INFRINGEMENT
### (Olay Facial Hair Removal (Teal Box) – Western Europe)

141.     P&G denies the allegations set forth in Paragraph 141 of the Complaint.

142.     P&G denies the allegations set forth in Paragraph 142 of the Complaint.

143.     P&G denies the allegations set forth in Paragraph 143 of the Complaint.

144.     P&G denies the allegations set forth in Paragraph 144 of the Complaint.

## P&G'S ANSWER TO COUNT V - STATUTORY COPYRIGHT INFRINGEMENT
### (Olay Facial Hair Removal (Purple Box) – Global)

145.     P&G denies the allegations set forth in Paragraph 145 of the Complaint.

146.     P&G denies the allegations set forth in Paragraph 146 of the Complaint.

147.     P&G denies the allegations set forth in Paragraph 147 of the Complaint.

148.     P&G denies the allegations set forth in Paragraph 148 of the Complaint.

## P&G'S ANSWER TO COUNT VI - STATUTORY COPYRIGHT INFRINGEMENT
### (Olay Daily Facials)

149.     P&G denies the allegations set forth in Paragraph 149 of the Complaint.

150.     P&G denies the allegations set forth in Paragraph 150 of the Complaint.

151.     P&G denies the allegations set forth in Paragraph 151 of the Complaint.

152.     P&G denies the allegations set forth in Paragraph 152 of the Complaint.

## P&G'S ANSWER TO COUNT VII - VICARIOUS COPYRIGHT INFRINGEMENT
### (Olay Supersonic)

153.     P&G denies the allegations set forth in Paragraph 153 of the Complaint.

154.    P&G denies the allegations set forth in Paragraph 154 of the Complaint.

155.    P&G denies the allegations set forth in Paragraph 155 of the Complaint.

156.    P&G denies the allegations set forth in Paragraph 156 of the Complaint.

157.    P&G denies the allegations set forth in Paragraph 157 of the Complaint.

158.    P&G denies the allegations set forth in Paragraph 158 of the Complaint.

159.    P&G denies the allegations set forth in Paragraph 159 of the Complaint.

## P&G'S ANSWER TO COUNT VIII - VICARIOUS COPYRIGHT INFRINGEMENT
### (Olay/Olaz Regenerist Advanced Cleansing)

160.    P&G denies the allegations set forth in Paragraph 160 of the Complaint.

161.    P&G denies the allegations set forth in Paragraph 161 of the Complaint.

162.    P&G denies the allegations set forth in Paragraph 162 of the Complaint.

163.    P&G denies the allegations set forth in Paragraph 163 of the Complaint.

164.    P&G denies the allegations set forth in Paragraph 164 of the Complaint.

165.    P&G denies the allegations set forth in Paragraph 165 of the Complaint.

166.    P&G denies the allegations set forth in Paragraph 166 of the Complaint.

## P&G'S ANSWER TO COUNT IX - VICARIOUS COPYRIGHT INFRINGEMENT
### (Olay Facial Hair Removal (Teal Box))

167.    P&G denies the allegations set forth in Paragraph 167 of the Complaint.

168.    P&G denies the allegations set forth in Paragraph 168 of the Complaint.

169.    P&G denies the allegations set forth in Paragraph 169 of the Complaint.

170.    P&G denies the allegations set forth in Paragraph 170 of the Complaint.

171.    P&G denies the allegations set forth in Paragraph 171 of the Complaint.

172.    P&G denies the allegations set forth in Paragraph 172 of the Complaint.

173.    P&G denies the allegations set forth in Paragraph 173 of the Complaint.

## P&G'S ANSWER TO COUNT X - VICARIOUS COPYRIGHT INFRINGEMENT
### (Olay Facial Hair Removal (Purple Box))

174. P&G denies the allegations set forth in Paragraph 174 of the Complaint.

175. P&G denies the allegations set forth in Paragraph 175 of the Complaint.

176. P&G denies the allegations set forth in Paragraph 176 of the Complaint.

177. P&G denies the allegations set forth in Paragraph 177 of the Complaint.

178. P&G denies the allegations set forth in Paragraph 178 of the Complaint.

179. P&G denies the allegations set forth in Paragraph 179 of the Complaint.

180. P&G denies the allegations set forth in Paragraph 180 of the Complaint.

## P&G'S ANSWER TO COUNT XI - VICARIOUS COPYRIGHT INFRINGEMENT
### (Olay Daily Facials)

181. P&G denies the allegations set forth in Paragraph 181 of the Complaint.

182. P&G denies the allegations set forth in Paragraph 182 of the Complaint.

183. P&G denies the allegations set forth in Paragraph 183 of the Complaint.

184. P&G denies the allegations set forth in Paragraph 184 of the Complaint.

185. P&G denies the allegations set forth in Paragraph 185 of the Complaint.

186. P&G denies the allegations set forth in Paragraph 186 of the Complaint.

187. P&G denies the allegations set forth in Paragraph 187 of the Complaint.

## P&G'S ANSWER TO COUNT XII - CONTRIBUTORY COPYRIGHT INFRINGEMENT
### (Olay Supersonic)

188. P&G denies the allegations set forth in Paragraph 188 of the Complaint.

189. P&G denies the allegations set forth in Paragraph 189 of the Complaint.

190. P&G denies the allegations set forth in Paragraph 190 of the Complaint.

191. P&G denies the allegations set forth in Paragraph 191 of the Complaint.

192.  P&G denies the allegations set forth in Paragraph 192 of the Complaint.

193.  P&G denies the allegations set forth in Paragraph 193 of the Complaint.

194.  P&G denies the allegations set forth in Paragraph 194 of the Complaint.

## P&G'S ANSWER TO COUNT XIII - CONTRIBUTORY COPYRIGHT INFRINGEMENT (Olay/Olaz Regenerist Advanced Cleansing)

195.  P&G denies the allegations set forth in Paragraph 195 of the Complaint.

196.  P&G denies the allegations set forth in Paragraph 196 of the Complaint.

197.  P&G denies the allegations set forth in Paragraph 197 of the Complaint.

198.  P&G denies the allegations set forth in Paragraph 198 of the Complaint.

199.  P&G denies the allegations set forth in Paragraph 199 of the Complaint.

200.  P&G denies the allegations set forth in Paragraph 200 of the Complaint.

201.  P&G denies the allegations set forth in Paragraph 201 of the Complaint.

## P&G'S ANSWER TO COUNT XIV - CONTRIBUTORY COPYRIGHT INFRINGEMENT (Olay Facial Hair Removal (Teal Box))

202.  P&G denies the allegations set forth in Paragraph 202 of the Complaint.

203.  P&G denies the allegations set forth in Paragraph 203 of the Complaint.

204.  P&G denies the allegations set forth in Paragraph 204 of the Complaint.

205.  P&G denies the allegations set forth in Paragraph 205 of the Complaint.

206.  P&G denies the allegations set forth in Paragraph 206 of the Complaint.

207.  P&G denies the allegations set forth in Paragraph 207 of the Complaint.

208.  P&G denies the allegations set forth in Paragraph 208 of the Complaint.

## P&G'S ANSWER TO COUNT XV - CONTRIBUTORY COPYRIGHT INFRINGEMENT (Olay Facial Hair Removal (Purple Box))

209.  P&G denies the allegations set forth in Paragraph 209 of the Complaint.

210.     P&G denies the allegations set forth in Paragraph 210 of the Complaint.

211.     P&G denies the allegations set forth in Paragraph 211 of the Complaint.

212.     P&G denies the allegations set forth in Paragraph 212 of the Complaint.

213.     P&G denies the allegations set forth in Paragraph 213 of the Complaint.

214.     P&G denies the allegations set forth in Paragraph 214 of the Complaint.

215.     P&G denies the allegations set forth in Paragraph 215 of the Complaint.

## P&G'S ANSWER TO COUNT XVI - CONTRIBUTORY COPYRIGHT INFRINGEMENT (Olay Daily Facials)

216.     P&G denies the allegations set forth in Paragraph 216 of the Complaint.

217.     P&G denies the allegations set forth in Paragraph 217 of the Complaint.

218.     P&G denies the allegations set forth in Paragraph 218 of the Complaint.

219.     P&G denies the allegations set forth in Paragraph 219 of the Complaint.

220.     P&G denies the allegations set forth in Paragraph 220 of the Complaint.

221.     P&G denies the allegations set forth in Paragraph 221 of the Complaint.

222.     P&G denies the allegations set forth in Paragraph 222 of the Complaint.

P&G denies any and all allegations contained in the unnumbered, WHEREFORE clause and the following letters A –D statements at the end of Plaintiff's Complaint requesting certain relief, and P&G further expressly denies that Plaintiff is entitled to any relief of any kind.

## AFFIRMATIVE DEFENSES

P&G states as follows for its affirmative defenses:

1.     Plaintiff's claims are barred by the equitable doctrines of estoppel and/or acquiescence.

2.     Plaintiff's claims are barred by the applicable statute of limitations.

3.      Plaintiff's claims are barred by the doctrine of laches.

4.      Plaintiff's claims are barred by the doctrine of unclean hands.

5.      Plaintiff's claims are barred by waiver.

6.      Plaintiff's copyrights are invalid and/or unenforceable.

7.      Plaintiff authorized, impliedly or explicitly, P&G's use of the works and Images alleged in the Complaint, and her claims are therefore barred by the doctrine of implied license.

8.      To the extent Plaintiff suffered any damages, which P&G expressly denies, Plaintiff has failed to take the steps necessary to mitigate the damages sustained.

9.      Plaintiff's claims are barred to the extent Plaintiff has forfeited or abandoned her intellectual property.

10.     Plaintiff's claims are barred by the doctrine of misuse of copyright.

11.     Plaintiff's claims are barred by Plaintiff's license or consent to P&G's use of the works and Images discussed in the Complaint.

12.     Plaintiff's claims are barred because the allegedly infringing use was not caused by a volitional act attributable to P&G.

13.     Plaintiff's claims are barred because no rights allegedly owned by Plaintiff were infringed upon.

14.     Pursuant to 17 U.S.C. § 412 Plaintiff's request for attorney's fees, enhanced damages and statutory damages are completely and statutorily barred because Plaintiff's copyrights were not registered until after the acts complained of in the Complaint.

15.     Plaintiff's asserted damages are not based on reasonable or accepted modes of calculation.

16.     Plaintiff's claim for damages "in excess of Seventy Five Million Dollars ($75,000,000.00)" is in bad faith, without any reasonable basis in fact or in law, and is for improper purpose to obtain an ill gotten windfall.

17.     P&G is entitled to its attorneys' fees and costs from Plaintiff under the fee shifting provisions of the Copyright Act.

18.     Plaintiff's alleged copyrighted works have no remaining commercial value, and thus Plaintiff has suffered no damages.

19.     Plaintiff has failed to name in the Complaint, an indispensable party to this litigation.

20.     Plaintiff has already received all due compensation in connection with all goods and services alleged in the Complaint.

## ADDITIONAL DEFENSES

21.     P&G reserves the right to supplement or amend this answer, including through the addition of further affirmative defenses, based upon the course of discovery and proceedings in this action.

## PRAYER FOR RELIEF

WHEREFORE, Defendant The Procter & Gamble Company prays for judgment as follows:

A.      Plaintiff takes nothing by the action;

B.      The Complaint be dismissed with prejudice against Plaintiff and in favor of P&G;

C.      P&G be awarded costs incurred to date; and

D.    Any such additional relief as this Court may deem proper.


Respectfully submitted,

**DINSMORE & SHOHL LLP**

By:    *s/Karen Kreider Gaunt/*
       Karen Kreider Gaunt
       Dinsmore & Shohl LLP
       255 E. Fifth Street, Suite 1900
       Cincinnati, Ohio 45202
       Telephone: (513) 977-8503
       karen.gaunt@dinsmore.com
       Ohio Bar #0068418

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify a true and correct copy of the foregoing was served by first class mail and by email this 14th day of August, 2017, upon the following:

Firooz T. Namei
McKinney & Namei, LPA
15 East 8th Street
Cincinnati, Ohio 45202
firooz.namei@nameilaw.com

Jan I. Berlage
Joseph Dudek
Gohn Hankey Stichel & Berlage LLP
201 N. Charles Street, Suite 2101
Baltimore, Maryland 21201
JBerlage@ghsllp.com
JDudek@ghsllp.com

*s/Karen Kreider Gaunt/*
Karen Kreider Gaunt