**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

| | |
|---|---|
| NAVARRO, *et al.*,           ) | |
| ) | |
| Plaintiffs, ) | Civil Action No. 1:17-CV-406 |
| ) | |
| v.                      ) | |
| ) | |
| THE PROCTER & GAMBLE ) | |
| COMPANY, *et al.*,           ) | Judge Timothy S. Black |
| ) | |
| Defendants. ) | |
| ) | |
| ) | |

**DEFENDANT THE PROCTER & GAMBLE COMPANY'S**
**MOTION TO COMPEL**

Pursuant to Federal Rule of Civil Procedure 37 and the Local Rules of the Southern District of Ohio, Defendant The Procter & Gamble Company ("Defendant") respectfully moves the Court for an Order compelling Plaintiffs Annette Navarro McCall and Navarro Photography, LLC ("Plaintiffs") to provide complete responses to Defendant's Second Set of Requests for the Production of Documents ("Second Requests for Production").

Specifically, Plaintiffs responded to all five of the Second Requests for Production with a boilerplate objection, provided no specific reasons why that objection is applicable to any request, and failed to indicate that responses were forthcoming.  By letter dated July 20, 2018, Defendant notified Plaintiffs of the unsatisfactory nature of the responses and requested full compliance with Plaintiffs' discovery obligations, but no response was provided.  Thus, Defendant has no choice but to move the Court to compel Plaintiffs' to fully respond to the Second Requests for Production.  Pursuant to FRCP 37(a)(5), Defendant also respectfully moves

the Court for an order requiring Plaintiffs to pay Defendant's reasonable attorneys' fees and costs incurred in connection with this Motion.

In further support of this motion, Defendant incorporates and relies upon the attached memorandum.

Date: July 27, 2018

Respectfully submitted,

/s/ Karen Kreider Gaunt
Karen K. Gaunt (Ohio Bar No. 0068418)
Andrew B. Barras (Ohio Bar No. 0088600)
Liane H. Rousseau (Ohio Bar No. 0093435)
karen.gaunt@dinsmore.com
andrew.barras@dinsmore.com
liane.rousseau@dinsmore.com
Dinsmore & Shohl LLP
255 E. Fifth Street, Suite 1900
Cincinnati, Ohio 45202
Telephone: (531) 977-8200
Facsimile (513) 977-8141

Attorneys for Defendant The Procter and Gamble Company

2

## MEMORANDUM IN SUPPORT

### I. INTRODUCTION AND STATEMENT OF FACTS.

Plaintiff Annette Navarro ("Navarro") filed this lawsuit against Defendant on June 15, 2017, alleging infringement of copyright in certain images (referred to in the Complaint and herein as "Images 1-12") created for advertisements and product packaging for Defendant's "Olay" branded consumer products. (Dkt. No. 1). On March 2, 2018, Navarro filed the First Amended Complaint which, among other things, added Navarro Photography, LLC as another Plaintiff and John Doe distributors and retailers 1-100 as additional Defendants. (Dkt. No. 23).

Plaintiffs claim that Navarro is an "internationally known photographer whose photographs appear on products sold in domestic and international markets, and the marketing, publicity, advertising and branding of those products." *Id.* at ¶ 2. Plaintiffs also claim that Navarro's photographs are found on or in connection with various products such as Jergens, John Frieda, Biore, and Pringles. *Id.*

Plaintiffs have, in the past, claimed that Navarro has been damaged in the amount of no less than Seventy Five Million Dollars ($75,000,000.00) due to alleged unauthorized use of Images 1-12 by Defendant. (Dkt. No. 1, ¶ B). In the First Amended Complaint, Plaintiffs removed that specific dollar amount and now claim that they have been damaged in "such amounts as may be proven at trial." (Dkt. No. 23, ¶¶ E, 167, 177, 188). Plaintiffs have additionally based part of their damages claim not only on Defendant The Procter & Gamble Company's use of packaging and advertising containing Images 1-12, but also on all distributor and retailer offerings of those same packages and advertising. *Id.* at 145-157, 160-167, 171-177, 181-188. Plaintiffs also claim that their damages are so irreparable that they cannot fully be

compensated or measured in money, such that injunctive relief is necessary. *Id.* at ¶¶ 168, 178, 189). Defendant has denied all of the above allegations.

As part of its defenses, Defendant has asserted that Plaintiffs have suffered no damages, that any alleged copyrights in Images 1-12 have no remaining commercial value, that Plaintiffs have already received all due compensation in connection with all goods and services alleged in the Amended Complaint, and that any use of Images 1-12 was, alternatively, made through an implied license. (Dkt. 26, ¶¶ 200, 204, 210, 212).

On February 5, 2018, the parties submitted a Rule 26f Report of Parties. (Dkt. 20). Therein, the parties agreed that the subjects of discovery would include, among other things, "Plaintiffs' damages, [and] Defendant's defenses" *Id.* at ¶ 6(a). In the Report of Parties, Plaintiffs also stated that they expected to have two experts, one to opine on "photographs, photography licenses and industry custom and practice" and another to opine on damages. *Id*. at ¶ 6(e). Defendant stated an expectation of a rebuttal damages expert. *Id.*

On June 18, 2018, Defendant served on Plaintiffs their Second Requests for Production. A copy of the requests is attached hereto as Exhibit A. Therein, Defendant made five requests regarding Plaintiffs' licensing and/or assignment of its photographs and/or images to third parties, as well as documentation of any disputes Plaintiffs have had regarding such third parties' use of photographs and/or images that Plaintiffs have claimed ownership over. Exhibit A. The requests are reproduced below for the Court's convenience:

**R.F.P. No. 51:**
Any and all written licenses you have granted to any third party regarding or referring to any photograph and/or image over which you claim or have claimed ownership, for use of said photograph and/or image on any consumer product, from January 1, 2010 through the present.

**R.F.P. No. 52:**

Any and all invoices that you have sent to any third party for any photogram and/or image over which you claim or have claimed ownership, for use of said photograph and/or image on any consumer product, from January 1, 2010 through present.

**R.F.P. No. 53:**

Any and all agreements you have entered into with any third party that used a photograph and/or image over which you claim or have claimed ownership, for the third party's commercial purposes, from January 1, 2010 through the present.

**R.F.P. No. 54:**

Any and all written agreements, assignments or transfers of ownership that you have entered into with any third parties (excluding any co-plaintiffs in this litigation) conveying, granting or assigning ownership to said third parties of any photographs and/or images over which you claim or have claimed ownership.

**R.F.P. No. 55:**

Any and all documents and communications surrounding any disputes you have had with any third parties regarding the licensing and/or third party's use of any photograph and/or image over which you claim or have claimed ownership, from January 1, 2010 through the present.

*Id.*

On July 16, 2018, Plaintiffs responded to each of these requests with a nearly identical, boilerplate objection, as follows[1]:

Navarro incorporates by reference its General Objections set forth above. Navarro objects to this Request as overly broad, unduly burdensome, and as seeking information that is not reasonably calculated to lead to the discovery of admissible evidence and is not proportional to the needs of the case. Navarro agrees to meet and confer with P&G to discuss the basis of this request and potential ways to narrow the scope of the request.

Plaintiffs' response to the Second Requests for Production is attached hereto as Exhibit B.

On July 20, 2018, Defendant served a letter response to Plaintiffs' boilerplate objection, requesting that Plaintiffs provide full responses to each paragraph in the Second Requests for Production. A copy of that letter is attached hereto as Exhibit C. As of the date of this filing,

---

[1] Plaintiffs excluded the sentence "Navarro incorporates by reference its General Objections set forth above" from its response to request No. 54.

Plaintiffs have not responded to Defendant's letter nor provided supplemental discovery in response to the Second Requests for Production.

## II.    ARGUMENT.

The present Motion represents Defendant's attempts to obtain proper and complete discovery from Plaintiffs in order to adequately evaluate and respond to the claims in Plaintiffs' First Amended Complaint, and assert Defendant's defenses thereto.  Defendant's Motion to Compel should be granted, and Defendant should be awarded reasonable attorney's fees.

### A.    The Court Should Require Plaintiffs to Respond Fully to Defendant's Second Requests for Production.

Given Plaintiffs' failure to produce proper and complete responses to the Second Requests for Production, Defendant requests that this Court compel Plaintiffs to fully and completely respond to same.  Pursuant to Civil Rule 26(b)(1) of the Federal Rules of Civil Procedure, "[p]arties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense…" Fed. R. Civ. P. 26(b)(1).  The Sixth Circuit has likewise affirmed that "the Federal Rules of Civil Procedure authorize extremely broad discovery." *United States v. Leggett & Platt*, 542 F.2d 655, 657 (6th Cir. 1976); see also *Lewis v. ACB Bus. Servs., Inc.*, 135 F.3d 389, 402 (6th Cir. 1998)("[t]he scope of discovery under the Federal Rules of Civil Procedure is traditionally quite broad.") Indeed, discovery under Rule 26 shall encompass "any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." *Nathan v. Ohio State Univ.*, No. 2:10-cv-872, 2012 U.S. Dist. LEXIS 154693, *17 (S.D. Ohio 2012).

Included within the issues that must be resolved in this case is the issue of damages. Information that is "relevant to calculating damages and to challenging another party's damages calculation" is clearly discoverable. *See Bridgestone Americas, Inc. v. IBM*, No. 3:13-cv-1196,

2016 U.S. Dist. LEXIS 101674, \*18 (M.D. Tenn 2016).  Here, Plaintiffs have claimed significant damages based upon Defendant's alleged unlicensed use of photographs and/or images. Defendant is thus entitled to discover information that tends to establish the value and/or market for Plaintiffs' licensed photographs and images. For example, by examining the licensing fees charged, scope and length of licenses, and terms of sale that Plaintiffs have sought from third parties for photographs and images, Defendant will more adequately be able to disprove or prove the claims and defenses regarding damages in this matter.

Likewise, in seeking to support their damages claims, Plaintiffs have sought to establish Navarro as an "internationally known photographer" whose photographs and/or images appear on or in connection with various well-known products and brands. Plaintiffs acknowledged within the Rule 26(f) report that they also intend to use expert witnesses to establish facts along these lines. Again, Defendant has a right to discovery that tends to prove or disprove the veracity of such claims. Licensing and assignment agreements, invoices, and other related agreements with third parties for photographs and images will tend to help prove the extent of Navarro's prominence in the industry of consumer product photography.

Plaintiffs have also claimed that their expert will opine on "photography licenses" and "industry customs and practice." Defendant has asserted an alternative defense of implied license, which is likewise based upon facts relating to Plaintiffs' licensing practices. *See Johnson v. Jones*, 149 F.3d 494, 500 (6th Cir. 1998)("…[a] non-exclusive license may be granted orally, or may be implied from conduct.")  To that end, Defendant is entitled to discovery regarding Plaintiffs' practices regarding "photography licenses," and their adherence to "industry customs and practice" in their dealings with Defendant.

Plaintiffs had until July 18, 2018 to fully respond to Defendant's Second Request for Documents, but instead, provided a response that was evasive and incomplete at best. Civil Rule 37(a)(4) of the Federal Rules of Civil Procedure provides that "an evasive or incomplete disclosure, answer or response must be treated as a failure to disclose, answer or respond." Fed. R. Civ. P. 37(a)(4).  Here, Plaintiffs have simply responded with boilerplate language, failed to indicate that any responsive documents are forthcoming, and declared that they will agree to a meet and confer. This is completely improper. *See Siser N. Am., Inc. v. Herika G. Inc.,* No. 16-14369, 2018 U.S. Dist. LEXIS 114010, *3-4 (E.D. Mich. 2018)("A preliminary review… leads the court to believe that all or some of defendant's objections are boilerplate, evasive and sometimes nonsensical… defendants assert that discovery requests are unduly burdensome without providing affidavits or other evidence, in violation of this Court's prior order… Defendants appear to be abusing the discovery process, improperly increasing the cost of this litigation, causing unnecessary delay, and wasting everyone's time.")

Defendant has unsuccessfully sought further information and complete responses from Plaintiff.  (*See* Exhibit C).  Plaintiffs' disregard of Defendant's attempts to resolve this dispute will make it impossible for Defendant to fully and adequately evaluate the merits of Plaintiffs' claims and prepare Defendant's defenses.  Accordingly, Defendant requests an order compelling the required information from Plaintiff.

### B.      Defendant is Entitled to an Award of Attorney's Fees in this Case.

Defendant is also entitled to an order awarding attorney's fees incurred in filing this Motion.  Civil Rule 37(a)(5)(A) provides, in relevant part that if a motion to compel is granted or if the requested discovery is provided after the motion was filed, the court shall "require the party or deponent whose conduct necessitated the motion or the party or attorney advising such

8

conduct or both of them to pay the moving party the reasonable expenses incurred in making the motion, including attorney's fees." Fed. R. Civ. P. 37(a)(5)(A).

Defendant has sought to obtain responses to the Second Requests for Production without resorting to judicial enforcement.  In its July 20, 2018 correspondence, Defendant identified the numerous deficiencies in Plaintiffs' response.  (*See* Exhibit C).  Plaintiffs have not responded.

Plaintiffs' tactics have forced Defendant to incur unnecessary attorney's fees in seeking Plaintiffs' proper responses to the Second Requests for Production as well as Defendant's work to compel discovery in this Court.  Defendant is entitled to recover its reasonable attorney's fees as mandated by Federal Civil Rule 37(a)(5)(A).  *See Willhauck v. Halpin,* 36 F.R.S.2d 901 (D. Mass. 1983); *Brown v. Wal-Mart Stores, Inc.,* 507 Fed. Appx. 543, 549 (6th Cir. 2012); *Pacific Sun Publishing Company, Inc. v. Chronicle Publishing Company*, 31 F.R.S.2d 1272 (N.D. Cal. 1981).   Therefore, Defendant is entitled to reasonable attorney's fees incurred in filing this motion and in attempting to receive proper responses to its Second Requests for Production from Plaintiff.

## III.    CONCLUSION.

For the foregoing reasons, Defendant respectfully requests that this Court order Plaintiffs to provide complete responses to Defendant's Second Requests for Production.  Defendant also requests Plaintiffs to pay its reasonable expenses, including costs and attorneys' fees incurred in obtaining said Order.

Date: July 27, 2018

Respectfully submitted,

/s/ Karen Kreider Gaunt

Karen K. Gaunt (Ohio Bar No. 0068418)
Andrew B. Barras (Ohio Bar No. 0088600)
Liane H. Rousseau (Ohio Bar No. 0093435)
karen.gaunt@dinsmore.com
andrew.barras@dinsmore.com
liane.rousseau@dinsmore.com
Dinsmore & Shohl LLP
255 E. Fifth Street, Suite 1900
Cincinnati, Ohio 45202
Telephone: (531) 977-8200
Facsimile (513) 977-8141

Attorneys for Defendant The Procter and Gamble
Company

10

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on July 27th, 2018, a true and correct copy of the foregoing

*Defendant The Procter and Gamble Company's Motion to Compel* was served by electronic mail

and U.S. mail upon the foregoing:

Gary Cruciani
Robert E. Allen
McKool Smith
300 Crescent Court, Suite 1500
Dallas, Texas 75201
Telephone: (214) 978-4009
Facsimile: (214)978-4044
Email: gcruciani@mckoolsmith.com
       RAllen@McCkoolSmithHennigan.com

Attorneys for Plaintiffs Annette Navarro
McCall and Navarro Photography LLC

John C. Greiner
Graydon Head & Ritchey LLP
312 Walnut Street
Suite 1800
Cincinnati, Ohio 45202
Telephone: (513) 629-2734
Facsimile: (513) 333-4316
Email: jgreiner@graydon.law

Attorneys for Plaintiffs Annette Navarro
McCall and Navarro Photography LLC

/s/ Karen Kreider Gaunt
Attorney for Defendant