UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| ANNETTE NAVARRO, *et al.*, | : | Case No. 1:17-cv-406 |
|     Plaintiffs, | : | |
| | : | Judge Timothy S. Black |
| vs. | : | |
| | : | |
| THE PROCTER AND GAMBLE | : | |
| COMPANY, *et al.*, | : | |
|     Defendants. | : | |

**ORDER DENYING THE MOTION
OF DEFENDANT WALMART, INC. F/K/A WAL-MART STORES, INC.
TO DISMISS PLAINTIFFS' THIRD AMENDED COMPLAINT (Doc .71)**

This copyright infringement lawsuit is before the Court on the motion of Defendant Walmart Inc. (f/k/a Wal-Mart Stores, Inc.) ("Walmart") to dismiss Plaintiffs' Third Amended Complaint (Doc. 71), as well as the parties' responsive memoranda. (Docs. 74, 75).

## I.    INTRODUCTION

Plaintiff Annette Navarro McCall is a resident of Cincinnati, Ohio. (Doc. 62 at ¶ 2). Ms. Navarro is an internationally known photographer whose photographs appear on products sold in domestic and international markets, and in the marketing, publicity, advertising and branding of those products. (*Id.*) Ms. Navarro's photographs may be found on or in connection with various products (including the marketing, publicity and branding of those products) for brands such as Olay, Jergens, John Frieda, Biore, Cover Girl, Pantene, Scope, Herbal Essence, Pringles and Crest White Strips. (*Id.*) For the past

fourteen years, Defendant The Procter and Gamble Company ("P&G") has almost exclusively used Ms. Navarro's photographs on Olay product packaging (and the marketing, publicity and branding of those products) all over the world. (*Id.*)

Plaintiff Navarro Photography LLC ("NPLLC") is an Ohio limited liability company with its principal place of business in Cincinnati, Ohio. (Doc. 62 at ¶ 2). NPLLC is owned by Navarro Acquisition, LLC. (*Id.*)

Defendant P&G is an Ohio corporation with its principal place of business at 1 Procter and Gamble Plaza, Cincinnati, Ohio 45202. (Doc. 62 at ¶ 4).

Defendant Walmart is a Delaware corporation with its principal place of business at 702 S.W. 8th St., Bentonville, Arkansas, with retail stores throughout Ohio, including, without limitation, in Hamilton County. (Doc. 62 at ¶ 5).

The allegations of the 234-paragraph Third Amended Complaint aver that Navarro owns copyrights in several images, that Navarro and P&G entered into license agreements under which Navarro permitted P&G to use Navarro's images in packaging/displaying/marketing certain products, and that P&G used Navarro's images outside the scope (temporal, geographic, and other) of the licenses. All of the licenses granted by Navarro to P&G have expired; the last license expired on August 31, 2015.

Navarro commenced this action on June 14, 2017. (Doc. 1). Navarro amended the original Complaint three times. (Docs. 23, 48, 62). The Third Amended Complaint, filed on October 10, 2018, added Walmart as a defendant. (Doc. 62).

The Third Amended Complaint claims P&G infringed Navarro's copyrights in the images at issue by reproducing, creating derivative works, displaying, and distributing the

images to P&G's customers (including Walmart) without Navarro's consent, approval or license. The Third Amended Complaint claims that Walmart also infringed Navarro's copyrights in the images by displaying and distributing them on various packaging and advertisements without Navarro's consent, approval, or license.

Walmart has moved to dismiss the Third Amended Complaint on the grounds that Navarro's claim against Walmart is barred by the statute of limitations.

## II. STANDARD

A motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) operates to test the sufficiency of the complaint and permits dismissal of a complaint for "failure to state a claim upon which relief can be granted." To show grounds for relief, Fed. R. Civ. P. 8(a) requires that the complaint contain a "short and plain statement of the claim showing that the pleader is entitled to relief."

While Fed. R. Civ. P. 8 "does not require 'detailed factual allegations,' . . . it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Pleadings offering mere "'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id*. (citing *Twombly*, 550 U.S. at 555). In fact, in determining a motion to dismiss, "courts 'are not bound to accept as true a legal conclusion couched as a factual allegation[.]'" *Twombly*, 550 U.S. at 555 (citing *Papasan v. Allain*, 478 U.S. 265 (1986)). Further, "[f]actual allegations must be enough to raise a right to relief above the speculative level[.]" *Id*.

Accordingly, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678. A claim is plausible where "plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Plausibility "is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief,'" and the case shall be dismissed. *Id.* (*citing* Fed. Rule Civ. P. 8(a)(2)).

### III. ANALYSIS

Walmart argues Navarro's copyright infringement claim against Walmart is barred by the statute of limitations. The Court does not agree.

Civil actions for copyright infringement must be brought within three years after the claim accrues. 17 U.S.C. § 507(b) ("No civil action shall be maintained . . . unless it is commenced within three years after the claim accrued."). A claim for copyright infringement accrues "when a plaintiff knows of the potential violation or is chargeable with such knowledge." *Roger Miller Music Inc. v. Sony/ATV Publ'g LLC*, 477 F.3d 383, 389 (6th Cir. 2007) (citation omitted).

Importantly, under the "separate-accrual rule," each infringing act constitutes a new wrong, giving rise to a new limitations period:

> It is widely recognized that the separate-accrual rule attends the copyright statute of limitations. Under that rule, when a defendant commits successive violations, the statute of limitations runs separately from each violation. Each time an infringing work is reproduced or distributed, the infringer commits a new wrong. Each wrong gives rise to a discrete "claim" that "accrue[s]" at the time the wrong occurs. In short, each infringing act starts a new limitations period. *See Stone v. Williams*, 970 F.2d 1043, 1049 (CA2 1992) ("Each act of infringement is a distinct harm giving rise to an independent claim for relief.").

*Petrella v. MGM*, 572 U.S. 663, 671 (2014). Accordingly, "the statute of limitations bars infringement claims that accrued more than three years before suit was filed, but does not preclude infringement claims that accrued within the statutory period." *Bridgeport Music, Inc. v. Rhyme Syndicate Music*, 376 F.3d 615, 621 (6th Cir. 2004).

Here, Walmart argues the licenses at issue in this lawsuit had all expired by August 31, 2015, and, accordingly, Navarro should have commenced this action, at the latest, by August 31, 2018. (Doc. 71 at 8-11). Walmart argues argues that Navarro's copyright infringement claim against Walmart, asserted in the Third Amended Complaint on October 10, 2018, is untimely. (*Id.*)

This argument is not availing for two reasons.

First, a motion to dismiss on the basis of an affirmative defense, such as the statute of limitations, "can be granted **only** where the defense appears valid from the face of the Complaint alone." *Williams v. Dayton Police Dep't*, 680 F. Supp. 1075, 1077 (S.D. Ohio 1987) (emphasis supplied). It is not apparent from the face of the Third Amended Complaint that Navarro's copyright infringement claim against Walmart accrued outside the three-year limitations period; to the contrary, the Third Amended Complaint alleges

5

Walmart <u>continues</u> to infringe Navarro's copyrights. (Doc. 62 at ¶¶ 180, 186, 191, 193, 196, 198, 201, 203, 206).

Second, even if <u>some</u> acts of infringement were time-barred on the face of the Third Amended Complaint (and they are not), dismissal would still be inappropriate. Under the separate-accrual rule, Navarro is entitled to recover for acts of infringement that occurred during the three years prior to the filing of the Third Amended Complaint <u>even if</u> other infringing acts occurred outside that period. *Petrella*, 572 U.S. at 671-72; *Bridgeport Music*, 376 F.3d at 621. The Third Amended Complaint's allegations regarding Walmart's "continued" infringement set forth a plausible claim for copyright infringement during the limitations period.

Walmart's arguments to the contrary lack merit.

First, Walmart cites *Whelan Associates v. Jaslow Dental Lab., Inc.*, 609 F. Supp. 1325, 1331 (E.D. Penn. 1985), *Parfums Givenchy, Inc., v. C&C Beauty Sales, Inc.*, 832 F. Supp. 1378, 1393-94 (C.D. Cal. 1993), and *Bouchat v. Champion Prods.*, 327 F. Supp. 2d 537, 551-52 (D. Md. 2003) for the proposition that infringement "commences" when the first act in a series of on-going infringement occurs, not at the time of any subsequent infringement.

This argument is not availing.

First, the statute of limitations for a copyright infringement claim begins to run when the claim "accrues;" when an infringement "commences" is irrelevant to the

inquiry. 17 U.S.C. § 507(b).[1] [2] For the reasons stated *supra*, the Court cannot conclude from the face of the Third Amended Complaint that Navarro's claim against Walmart <u>accrued</u> outside the limitations period.

Second, Walmart argues that the initial infringement in this case (if any) is P&G's distribution of certain infringing products after their respective licenses expired, and Walmart's subsequent sales of those products is merely a continuation of that infringement, as opposed to a new act of infringement triggering a new statute of limitations period. (Doc. 75 at 6-7).

This argument is not well-taken. Walmart is correct that an act of infringement outside the statute of limitations is not actionable simply because it causes continued harm that accrues within the statute of limitations. *See Petrella*, 572 U.S. at 671, n. 6 ("Separately accruing harm should not be confused with harm from past violations that

---

[1] "Accrue" and "commence" are distinct terms with different meanings and significance. When an infringement "commences" is relevant to the issues of statutory damages and attorney's fees, as neither are recoverable for "any infringement of copyright <u>commenced</u> after first publication of the work and before the effective date of its registration[.]" 17 U.S.C. § 412(2). However, the statute of limitations begins to run when a claim "accrues," and, as recognized by the Supreme Court of the United States, is subject to the separate-accrual rule. *Petrella*, 572 U.S. at 671.

[2] Walmart also argues that *Bouchat* stands for the proposition that the statute of limitations begins to run when an original infringer (*i.e.*, P&G) creates/produces an infringing item, not when a "downstream defendant" (*i.e.*, Walmart) sells/displays the infringing item. (Doc. 71 at 10-11). This argument is not well-taken. The *Bouchat* court, in determining the availability of statutory damages, held a copyright infringement "scheme" <u>commenced</u> when the original infringer produced the infringing items, not when the downstream defendants used/sold those infringing items. As stated in footnote 1, *supra*, the date an infringement "commenced," as that term is used in the Copyright Act, is irrelevant to the issue of the statute of limitations. In any event, even if Walmart were correct that the statute of limitations ran from <u>P&G's</u> infringement, the Third Amended Complaint alleges P&G continues to infringe Navarro's copyrights, and the Court cannot conclude from the face of the Complaint that those infringements occurred outside the statute of limitations.

are continuing."). But that is not the case here: the Third Amended Complaint alleges that Walmart infringed Navarro's copyrights by, *inter alia*, reproducing, creating derivative works, displaying, and distributing copyrighted works, and further alleges that Walmart's infringement is continuing. (Doc. 62 at ¶¶ 180, 186, 191, 193, 196, 198, 201, 203, 206). The Third Amended Complaint sufficiently alleges at this stage that Walmart has committed separate infringing <u>acts</u> within the three-year statute of limitations. Navarro is entitled to recover for these acts, if infringing, even if similar acts predate the limitations period. *Petrella*, 572 U.S. at 672 ("when a defendant has engaged (or is alleged to have engaged) in a series of discrete infringing acts, the copyright holder's suit ordinarily will be timely under § 507(b) with respect to the more recent acts of infringement (*i.e.*, acts within the three-year window), but untimely with respect to prior acts of the same or similar kind.").

## IV. CONCLUSION

For the foregoing reasons, Walmart's motion to dismiss the Third Amended Complaint (Doc. 71) is **DENIED**.

**IT IS SO ORDERED.**

Date:  1/10/19

Timothy S. Black
United States District Judge