UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION – CINCINNATI

| | |
|---|---|
| ANNETTE NAVARRO MCCALL and NAVARRO PHOTOGRAPHY, LLC, ) ) ) | |
| Plaintiffs, ) ) | Case No. 1:17-cv-00406 |
| v. ) ) | Judge Douglas R. Cole |
| WALMART INC. (f/k/a WAL-MART STORES, INC.) and THE PROCTOR & GAMBLE COMPANY, ) ) ) ) ) | Magistrate Judge Karen L. Litkovitz |
| Defendants. ) ) | JURY TRIAL REQUESTED |

**PLAINTIFFS' REPLY IN SUPPORT OF MOTION TO PARTIALLY EXCLUDE
THE EXPERT REPORT OF DOUG BANIA**

Plaintiffs Annette Navarro McCall and Navarro Photography LLC (collectively, "Plaintiffs") file this Reply in Support of their Motion to Partially Exclude the Expert Report of Doug Bania.

The gist of Defendants' position is that their substitute expert, Doug Bania, should be allowed to do indirectly what their original expert, Ellen Boughn, could not do directly. First, it is undisputed that Ms. Boughn did not offer any opinion regarding an alternative damages calculation. Second, it is undisputed that Ms. Boughn did not consider the "16 Other Projects" between P&G and Navarro spanning an eleven-year period in rendering her rebuttal opinion.[1] Yet, Mr. Bania's report does both of these things. That is improper and flies in the face of Sixth Circuit precedent that substitution of an expert is not a license for a "second chance to marshal

---

[1] Contrary to Defendants' suggestion, Professor Sedlik undertook no analysis of these 16 Other Projects and that would require a substantial effort at substantial cost for him to now have to address these projects in his rebuttal to Mr. Bania.

1

other expert opinions and shore up [its] case." See Dkt. No. 145 at 9.[2] Thus, it is ironic that Defendants falsely accuse Plaintiffs of a "transparent and improper attempt to gain a tactical advantage" when the reverse is true.

Notably, Defendants fail to address Plaintiffs' common-sense test to govern their motion: if Ms. Boughn at trial attempted to offer an alternative opinion on damages or attempted to testify regarding the "16 Other Projects" between Plaintiffs and P&G spanning an eleven-year time period would she be allowed to do so? Plaintiffs believe that the Court would almost certainly disallow Ms. Boughn to testify on either subject. And if Ms. Boughn would be precluded from testifying then so should Mr. Bania. Defendants' silence in failing to address this basic proposition is telling.

Defendants also propose a limitless definition of the parties' undisputed agreement that the substitute expert's opinions be "***strictly limited to the subject matter*** of Ms. Boughn's report." Defendants propose that so long as Mr. Bania limited his rebuttal opinions to Professor Sedlik's report that would be in compliance with the parties' agreement. But that is no limitation at all. Of course, Mr. Bania's report would be limited to *rebutting Professor Sedlik, i.e.* he could not attempt to rebut one of Plaintiffs' other experts. But if that is the standard—which is effectively what Defendants' propose—then what is the limiting principle? There is none. Under Defendants' view, there are absolutely no limits to how far afield Mr. Bania could stray from Ms. Bough's opinions so long as his opinions rebut Professor Sedlik's opinions in some form or fashion. But that is a nonsensical position and there is no case that Plaintiffs are aware of—and Defendants' cite none—to support such an open-ended and limitless ability for a substitute expert to testify.

---

[2] Defendants note that they "most certainly did not agree to depart from Sixth Circuit precedent or to circumscribe their rights more narrowly than what the case law allows" but they fail to explain how precluding Mr. Bania's opinions that were never sponsored by Ms. Boughn would violate Sixth Circuit or other case law.

Defendants also wholly fail to address the litany of cases cited by Plaintiffs for the proposition that courts strictly limit the scope of a substitute expert's opinions. Unable to distinguish these cases on this, the relevant point, Defendants instead argue that the "timing of the substitution and the amount of work required by the non-moving party" differed in those cases from the present case. But that is neither here nor there. Defendants fail to even attempt to argue that any of these cases support their proposition that there are essentially no limits to the breadth of the opinions that a substitute expert may offer.

Defendants complain that they would suffer substantial prejudice "by excluding *critical* portions [of] Mr. Bania's report." (emphasis is Defendants). But Defendants fail to explain why it is so "critical" that Mr. Bania be allowed to offer an opinion on an alternative damages calculation when Ms. Boughn made no effort to do so. Likewise, Defendants fail to explain why it is critical that Mr. Bania offer his alternative damages calculation when their other damages expert, Steve Hazel, already is offering an alternative damages calculation. Defendants feebly argue that "Mr. Hazel's opinions are not coterminous with Mr. Bania's, and Plaintiffs would not be in the same position if Mr. Bania's opinions are limited by the Court." But as the Court can readily determine for itself, both Mr. Bania and Mr. Hazel offer alternative damages calculations and the amount of their calculations are in the same dollar range. Defendants offer no explanation why they need *two* experts to testify regarding alternative damages calculation. As Plaintiffs' counsel argued at the telephonic hearing, the real reason that Defendants are striving so mightily to have a duplicative witness on an alternative damages calculation is that Mr. Hazel proved to be a uniquely terrible witness at his deposition and Defendants do not want to be stuck with him as their only expert on this important topic.

Defendants argue that it would be unfair to "have essentially paid for two experts to rebut Mr. Sedlik without having the benefit of either experts' work product." But that argument entirely misses the mark. First, it is always the case when a party substitutes an expert witness that they will have paid for, not have the benefit of, the work product of the original expert. Second, Defendants will have the benefit of Mr. Bania's expert rebuttal as Plaintiffs do not object to those portions of Mr. Bania's rebuttal that are within the subject matter of Ms. Boughn's report.

Finally, Defendants also misrepresent the point Plaintiffs were making with respect to the *Daubert* order entered by the Texas federal court on June 8 following a May 14 hearing. Defendants incorrectly state that "Plaintiffs now claim that Ms. Boughn's withdrawal was related to a *Daubert* opinion excluding her **nearly two months after she had withdrawn from this matter**." Dkt. No. 184 at 4, fn. 1 (emphasis is Defendants). That is not at all what Plaintiffs argued. Rather, the point that Plaintiffs were making was that Ms. Boughn withdrew from representation in this case but failed to withdraw from representation in the Texas case. Ms. Bough's doctor sent a "To Whom It May Concern" letter on April 17 advising that Ms. Bough cease testifying. On that basis, Defendants advised Plaintiffs on April 29 that Ms. Boughn could no longer serve as an expert in this case. Yet, the plaintiff in the Texas case continued to attempt to have Ms. Boughn testify on their behalf at the May 14 *Daubert* hearing. It is obvious that Ms. Boughn never withdrew as an expert in the Texas case or else the *Daubert* motion and hearing would have been moot. In their Opposition, Defendants address a strawman argument they

4

created, but failed to address the point that Plaintiffs actually raised; namely, Ms. Boughn's withdrawal from the present case but her failure to withdraw from the Texas case.[3]

For the reasons set forth in Plaintiffs' motion and this Reply, the Court should exclude those portions of Mr. Bania's report as identified in Plaintiffs' motion.

July 3, 2020

Respectfully submitted,

 */s/  Gary Cruciani*
Gary Cruciani

John C. Greiner (0005551)
**GRAYDON HEAD & RITCHEY LLP**
312 Walnut St., Suite 1800
Cincinnati, Ohio 45202
Phone: (513) 629-2734
Fax: (513) 333-4316
Email: jgreiner@graydon.law

**MCKOOL SMITH, PC**
Gary Cruciani
Carson D. Young
300 Crescent Court, Suite 1500
Dallas, Texas 75201

*Counsel for Annette Navarro McCall and Navarro Photography LLC*

### CERTIFICATE OF SERVICE

I certify that on July 3, 2020, I electronically filed a copy of this document. The Court's Electronic Case Filing system will send notice to all parties.

 */s/ Gary Cruciani*
Gary Cruciani

---

[3] Another strawman argument is Defendants' assertion that Mr. Bania "is not required to draft an expert report in the same manner, form, and practice as Ms. Boughn—nor is he required (or frankly expected) to draw the precise conclusions." Plaintiffs have never suggested that Mr. Bania was limited to parroting Ms. Boughn.