**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT CINCINNATI**

| | |
|---|---|
| ANNETTE NAVARRO MCCALL and NAVARRO PHOTOGRAPHY LLC, | : |
| | : No. 1:17-CV-406-DRC |
| Plaintiffs, | |
| | : |
| v. | |
| | : Judge Douglas R. Cole |
| THE PROCTER & GAMBLE COMPANY and WALMART INC. (f/k/a WAL-MART STORES, INC.), | : |
| | : Magistrate Judge Karen L. Litkovitz |
| Defendants. | |
| | : |

**DEFENDANTS THE PROCTER & GAMBLE COMPANY AND WALMART INC.'S
MOTION TO SEAL**

Defendants The Procter & Gamble Company ("P&G") and Walmart Inc. ("Walmart") (collectively, "Defendants") submit this Motion to Seal pursuant to the Court's June 26, 2020 Order. (ECF No. 144.) In this motion, Defendants respectfully ask the Court to allow a small portion of the documents comprising the overall summary judgment record to be filed in redacted form or, in a handful of cases, sealed in their entirety. The information sought by Defendants to be shielded from the public eye consists of competitively sensitive information, including non-public financial data, market research data, and business contracts. None of this information is a matter of great public concern, but it is information that is of a highly sensitive nature to Defendants and certain third parties. Finally, Defendants' request to seal is narrowly tailored to protect the confidential information in question while allowing the public meaningful access to the record of this case. For all of these reasons, Defendant's motion should be granted. Plaintiffs have not expressed a position on this motion.

**I.    LEGAL STANDARD**

"[T]rial courts have always been afforded the power to seal their records when interests of

1

privacy outweigh the public's right to know." *In re Knoxville News-Sentinel Co.*, 723 F.2d 470, 474 (6th Cir. 1983). The "'strong presumption in favor of openness'" can be overcome by a "compelling reason" for non-disclosure. *Shane Grp. Inc. v. Blue Cross Blue Shield of Mich.*, 825 F.3d 299, 305 (6th Cir. 2016) (quoting *Brown & Williamson Tobacco Corp. v. F.T.C.*, 710 F.2d 1165, 1179 (6th Cir. 1983)). One "recognized exception to the right of public access to judicial records" is when "public access would reveal legitimate trade secrets." *Brown & Williamson*, 710 F.2d at 1180. Another "important exception[] which limit[s] the public's right of access to judicial records [is] 'business information that might harm a litigant's competitive standing.'" *In re Knoxville*, 723 F.2d at 474 (quoting *Nixon v. Warner Commc'ns*, 435 U.S. 589, 598 (1978)). "[W]here a party can show a compelling reason why certain documents or portions thereof should be sealed, the seal itself must be narrowly tailored to serve that reason." *Shane Grp.*, 825 F.3d at 305 (internal citations omitted).

Since the Sixth Circuit decided *Shane Grp.*, courts in this District have granted requests to seal information regarding "market share data, sales trends and analysis, customer preferences, confidential agreements, pricing strategy and marketing strategy" when there is a compelling reason why disclosure of that information would give competitors "an inside look into [a company's] business strategies." *Proctor & Gamble Co. v. Ranir, LLC*, No. 1:17-cv-185, 2017 U.S. Dist. LEXIS 131141, at *7 (S.D. Ohio Aug. 17, 2017); *see also Goodman v. J.P. Morgan Inv. Mgmt.*, 301 F.Supp. 3d 759, 783-84 (S.D. Ohio 2018) (granting a motion to seal/redact documents containing, *inter alia*, "confidential profitability information," "confidential information regarding subadvisory business relationships," and "confidential business strategy information"); *London Comput. Sys. v. Zillow, Inc.*, No. 1:18-cv-696, 2019 U.S. Dist. LEXIS 147060, at *8 (S.D. Ohio Aug. 29, 2019) (finding a "compelling reason for non-disclosure" and granting a motion to

seal/redact where the documents in question "contain[ed] highly confidential business information, such as marketing strategies, revenue/sales data, and financial calculations").

## II. ARGUMENT

Defendants have compelling reasons why certain information should be shielded from public disclosure. In particular, Defendants seek to protect (1) confidential financial data belonging to Defendants and certain third-party retailers, including non-public cost, revenue, and profit information; (2) confidential market research information belonging to a third party; and (3) confidential business contracts between P&G and certain third parties. None of this information is a matter of significant public interest. At the same time, its disclosure would result in competitive harm to P&G, Walmart, and/or various third parties, as explained below. Moreover, Defendants ask that only a small portion of the documents comprising the summary judgment record be redacted or, in certain limited instances, filed under permanent seal in their entirety. The vast majority of the filings on the docket will be accessible to the public without any restrictions. Accordingly, this Motion to Seal is narrowly tailored to protect Defendants' and certain third parties' interests while allowing meaningful access to the public.

### A. Confidential Financial Data

Defendants seek to protect from public disclosure certain highly confidential financial data belonging to Defendants and various third-party retailers, including non-public cost, revenue, and profit information associated with the sale of the accused products. P&G, Walmart, and the other retailers have been careful to maintain the proprietary and confidential nature of this information (for example, by marking the documents as "Confidential" or "Highly Confidential—Attorneys' Eyes Only" pursuant to the Court's Protective Order). The release of this highly sensitive financial information would give competitors an inside look into the businesses of P&G, Walmart, and the other retailers, putting the latter group at a competitive disadvantage and exposing them to a

3

substantial risk of competitive harm. *See Procter & Gamble*, 2017 U.S. Dist. LEXIS 131141, at *7; *London Comput.*, 2019 U.S. Dist. LEXIS 147060, at *9.

The table below identifies the filings that contain the confidential information in question:

| ECF No. | Document Description | Pages Containing Proposed Redactions | Portions Sought to Be Sealed in Their Entirety |
|---|---|---|---|
| 158 | Deposition of Keith Hock | pp. 19, 20, 23, 59, 60, 65, 70-73, 75-77, 81-83, 90-96, 99-103, 109, 117-19, 135-40, 142-46, 148-55, 157, 163-72, 181-88, 192, 194, 195 | None |
| 158-1 | Rebuttal Expert Report of Keith Hock | pp. 2, 6, 8, 10, 12-17 | Exhibits C through I |
| 172-1 | Expert Report of Robert Zeithammer | pp. 48, 57 | None |
| 181-26 | Expert Report of Patrick Gannon | pp. 5-7, 15-18, 22, 24-27 | All exhibits except F, M, AK, BD, and BE |
| 181-27 | Rebuttal Expert Report of Patrick Gannon | pp. 2, 4, 7-21, 26-28, 30-36 | All exhibits except F |
| 183-9 | P&G's Answers to Plaintiffs' First Set of Interrogatories (Exhibit 63 to Deposition of Lisa Ott) | p. 9 | None |
| 185-1 | Defendants' Memorandum in Support of Their Motion for Summary Judgment | pp. 8, 44, 51 | None |
| XX[1] | Plaintiffs' Memorandum in Support of Motion for Partial Summary Judgment | pp. 18, 19, 23-25, 44, 45 | None |
| XX | Plaintiffs' Statement of Undisputed Facts | pp. 26-27, 34-35 | None |

---

[1] Plaintiffs filed their Memorandum in Support of Motion for Partial Summary Judgment (ECF No. 186) and Statement of Undisputed Facts (ECF No. 187) on the public docket on July 1, 2020. The next day, Defendants' counsel informed Plaintiffs' counsel that both filings contained confidential material that had been left unredacted by Plaintiffs. Plaintiffs' counsel then asked the Clerk's Office to remove ECF Nos. 186 and 187 from the docket. However, although Defendants' counsel identified for Plaintiffs' counsel the specific information that needed to be redacted from the pages listed in the third column above, Plaintiffs are yet to refile redacted versions of their Memorandum in Support of Motion for Partial Summary Judgment and Statement of Undisputed Facts. This is why the ECF Nos. of those documents are identified as "XX" in the table.

As indicated in the table above, these filings include the expert reports of the parties' damages experts (ECF Nos. 158-1, 181-26, and 181-27), the deposition of Defendants' damages expert Keith Hock (ECF No. 158), P&G's interrogatory responses (ECF No. 183-9), and the parties' summary judgment briefs.  The table above further identifies the specific pages in these documents on which the information that is sought to be redacted appears.  Along with this motion, Defendants submit a flash drive with PDF versions of the relevant documents specifically identifying the proposed redactions for each of the pages listed above.[2]  As the Court will see, the proposed redactions are narrowly tailored to information revealing specific figures, such as dollar amounts and percentages.

In addition to these limited redactions, Defendants also request that certain exhibits to the parties' damages experts' reports (ECF Nos. 158-1, 181-26, and 181-27) be sealed in their entirety. These exhibits, which are listed in the last column in the table above, comprise hundreds of pages of spreadsheets containing the underlying raw cost, revenue, and profit data produced by Defendants and third parties and relied upon by the parties' experts, as well as the experts' compilations of this data.  These exhibits are currently not cited directly in the parties' summary judgment briefs, so providing access to them is not necessary for the public to evaluate the parties' arguments.  And even if some of these exhibits were cited directly in the summary judgment briefing, the public information in the experts' reports would still provide more than enough detail to allow the public to properly assess the value of the underlying evidence.  Furthermore, given that the relevant exhibits comprise thousands of rows of data, requiring Defendants to redact

---

[2] As noted above in footnote 1, Plaintiffs have not filed the redacted versions of their Memorandum in Support of Motion for Partial Summary Judgment and Statement of Undisputed Facts.  For the Court's convenience, the flash drive provided by Defendants to the Court in connection with this motion includes the unredacted versions of those documents.  The dollar amounts that require redacting appear on the pages listed in the table above.

individual entries would create a significant burden for Defendants, without providing a proportionate benefit to the public. Under the circumstances, Defendants respectfully submit that keeping these exhibits under seal in their entirety is appropriate.

### B. Confidential Third-Party Market Research Data

Defendants also seek to seal confidential market research information belonging to a third-party firm specializing in data collection for consumer goods retail. This information, which P&G had obtained from the third party in question, was produced by P&G during discovery. The information identifies the top-selling products in certain relevant market segments, as well as specific market share percentages. The third party generated this data and considers it proprietary information. The data was provided to P&G by the third party subject to P&G's agreement to maintain the data's confidentiality, and P&G has honored that agreement by taking steps to keep the data confidential (for example, by marking the documents "Highly Confidential—Attorneys' Eyes Only" during discovery). Public disclosure of this data would negatively affect P&G's business relationship with the third party. Further, such disclosure would diminish the value of this information to the third party's customers and could harm its business, which is based on selling data to its customers.

The table below identifies the docket entries that contain the confidential market research data in question:

| ECF No. | Document Description | Pages Containing Proposed Redactions | Portions Sought to Be Sealed in Their Entirety |
|---|---|---|---|
| 172 | Deposition of Robert Zeithammer | pp. 89-94, 100, 109, 111, 123, 262, 264-73, 278-80, 285, 286, 288, 294-96 | None |
| 172-1 | Expert Report of Robert Zeithammer | pp. 20, 21, 27, 29, 31, 34, 35, 41, 43, 46 | None |

As seen in the table above, these docket entries are limited to the deposition and expert report of Defendants' expert Robert Zeithammer (ECF Nos. 172 and 172-1, respectively). Dr. Zeihammer

6

relied on the relevant market research data to design a series of consumer surveys involving the accused products. The table above further identifies the specific pages in Dr. Zeithammer's deposition and expert report on which the information that is sought to be redacted appears. The flash drive submitted by Defendants with this motion contains PDF versions of Dr. Zeithammer's deposition and expert report specifically identifying the proposed redactions. These redactions cover only a small fraction of the documents and are narrowly tailored to protect the confidential market research data, as well as the identity of the third party that generated it, from being directly or indirectly disclosed to the public.

### C. 2007 P&G/LPK Design Services Agreement (ECF No. 183-13)

Plaintiffs have filed the deposition of Lisa Ott as ECF No. 183. Exhibit 68 to Ms. Ott's deposition is the 2007 Design Services Agreement between P&G and Libby, Perszyk, Kathman, Inc. ("LPK"). Plaintiffs have filed a placeholder for Exhibit 68 as ECF No. 183-13. P&G previously sought leave to file the 2007 Design Services Agreement under seal (along with a public redacted version) in connection with P&G's Amended Answer, Counterclaim, and Crossclaim. *See* ECF Nos. 85, 137. This Court granted P&G's motion to seal and allowed P&G to file a partially redacted version. *See* ECF No. 140, PageID 4489 (granting Defendants' motion to seal ECF No. 83-4). Accordingly, to the extent that Plaintiffs seek to refile the 2007 Design Services Agreement as an exhibit to Ms. Ott's deposition, Defendants ask that Plaintiffs be directed to file the same redacted version previously approved by the Court and filed by P&G.

### D. Procter & Gamble Distributing LLC Terms and Conditions (ECF No. 183-14)

Exhibit 70 (ECF No. 183-14) to Ms. Ott's deposition are the "U.S. Terms and Conditions" employed by Procter & Gamble Distributing LLC. This two-page document sets forth the standard terms and conditions that govern P&G's fulfillment of all orders transmitted to it by purchasers. As such, Exhibit 70 concerns the business relationships between P&G and its purchasers, including

7

their respective legal obligations and responsibilities.  P&G considers this business information to be confidential and has taken steps to protect it from public disclosure (for example, by marking the document "Confidential" during discovery).  If this information were disclosed to the public, P&G's competitors would be allowed an inside look into P&G's business model, and some could use it to gain an unfair advantage by undercutting the standard terms offered by P&G to its purchasers.  *See Goodman*, 301 F. Supp. 3d at 783-84 (agreeing to seal confidential information concerning business relationships).  Because Exhibit 70 consists entirely of the relevant terms and conditions (such that redaction would leave nothing for the public to see), Defendants' submit that sealing the entire document would be the appropriate course of action.

### III. CONCLUSION

For the foregoing reasons, Defendants respectfully request that their Motion to Seal be granted.

Dated: July 7, 2020                                    Respectfully submitted,

*s/ Karen Kreider Gaunt*
Karen K. Gaunt (0068418)
Robert M. Zimmerman (0079584)
Jaci L. Overmann (0089306)
Liane H. Rousseau (0093435)
DINSMORE & SHOHL LLP
255 Fifth Street, Suite 1900
Cincinnati, OH 45202
Telephone:  (513) 977-8200
Facsimile:  (513) 977-8141
karen.gaunt@dinsmore.com
robert.zimmerman@dinsmore.com
jaci.overmann@dinsmore.com
liane.rousseau@dinsmore.com

*Attorneys for Defendants The Procter & Gamble Company and Walmart Inc.*

Benjamin C. Mizer (admitted *pro hac vice*)

8

Charlotte H. Taylor (admitted *pro hac vice*)
JONES DAY
51 Louisiana Ave. NW
Washington, D.C.  20001
Telephone:  (202) 879-3939
Facsimile:  (202) 626-1700
bmizer@jonesday.com
ctaylor@jonesday.com

*Attorneys for Defendant The Procter & Gamble Company*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Defendants The Procter & Gamble Company and Walmart Inc.'s Motion to Seal has been served upon all counsel of record via the Court's ECF system.

*s/Liane H. Rousseau*
Liane H. Rousseau
