## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

**ANNETTE NAVARRO, et al.,**

      **Plaintiffs,**

                          **Case No. 1:17-cv-406**
      **v.**                     **JUDGE DOUGLAS R. COLE**

**PROCTER & GAMBLE COMPANY,**
**et al.,**

      **Defendants.**

### ORDER

On September 15, 2020, the Court heard oral argument on the parties' pending cross-motions for summary judgment. One issue that arose in the briefing, and at argument, is the extent to which the Court may consider extrinsic evidence in interpreting a 2007 contract between LPK and Navarro. According to P&G, under Ohio law, the Court cannot consider extrinsic evidence without first determining that the contract is ambiguous, a legal principle sometimes short-handed as the "four corners rule." Navarro does not directly dispute this legal principle, but nonetheless provides extrinsic evidence that she contends the Court should consider if the Court finds the contract ambiguous.

One issue this case raises is the extent to which the four corners rule applies under Ohio law in cases, such as this one, in which a non-signatory to a contract has a dispute with a party to the contract. While this issue was discussed only in passing at oral argument, the Court understands P&G's position to be that the four corners

1

doctrine applies in such circumstances. Yet, since argument, the Court has become aware of Ohio Supreme Court precedent suggesting that the rule regarding extrinsic evidence, at least in the form of parol evidence, may be relaxed in such cases:

> While parol evidence may not be received to contradict or vary the terms of a written instrument as between the parties thereto and their privies, such evidence is admissible when otherwise competent in controversies between strangers to the instrument, or between a stranger and a party thereto. *Clapp v. Banking Co.*, 50 Ohio St. 528, 540, 35 N.E. 308. Since strangers to an instrument have not consented to it and have no right or power to reform or set it aside, they are privileged to show by parol evidence that the instrument does not show the real transaction. 22 Corpus Juris, 1292, Section 1725, on this subject, reads:
>
> "The rule excluding parol evidence to vary or contradict a written instrument applies only in controversies between the parties to the instrument and those claiming under them. It has no application in controversies between a party to the instrument on the one hand and a stranger to it on the other, for the stranger not having assented to the contract is not bound by it, and is therefore at liberty when his rights are concerned to show that the written instrument does not express the full or true character of the transaction. And where the stranger to the instrument is thus free to vary or contradict it by parol evidence his adversary, although a party to the instrument, must be equally free to do so. This has been held to be true with reference to writings of all kinds, as for example, deeds; mortgages; leases; bills of sale; contracts of sale; licenses; insurance policies, and contractual receipts."

*Bowman v. Tax Comm'n of Ohio*, 20 N.E.2d 916, 919 (Ohio 1939). Ohio courts have continued to cite *Bowman* for this principle at least as recently as 2004. *See Lamme v. Pope*, 2004-Ohio-5831, ¶ 16 (Ohio Ct. App. Oct. 29, 2004) ("In a suit between a party to the written instrument and a stranger, parol evidence is admissible to vary the terms of the writing."); *Zunk v. Zunk*, No. L-99-1167, 2001 WL 127347, at *5 (Ohio Ct. App. Feb. 16, 2001) ("According to the Supreme Court of Ohio, '[parol] evidence is admissible when otherwise competent in controversies between strangers to the instrument, or between a stranger and a party thereto.'" (citing *Bowman*, 20 N.E.2d

at 916)); *Citicasters Co. v. Bricker & Eckler, L.L.P.*, 778 N.E.2d 663, 668 (Ohio Ct. App. 2002) (recognizing the parol evidence rule applies differently in disputes involving "strangers" to a contract). Ohio does not seem unique in this regard, either. *See, e.g., BRB Printing, Inc. v. Buchanan*, 878 F. Supp. 1049, 1052 (E.D. Mich. 1995) (observing that, under Michigan law, "[g]enerally a stranger to a contract cannot use the parol evidence rule"). And it further appears that the category of "stranger" to a contract may include third-party beneficiaries. *See Lamme*, 2004-Ohio-5831, ¶ 16 ("Pope was a stranger to the contract between Lamme and Bottorff, only acquiring rights thereunder as a third-party beneficiary.").

Such cases could be read as suggesting that the Court may consider extrinsic evidence regarding the meaning of the 2007 Navarro/LPK supplier agreement, even absent a finding of ambiguity. Still, neither party cited these cases in its briefing, nor discussed the extent to which such cases preclude application of the four corners rule here.

Because the Court's ability to consider extrinsic evidence may be relevant to its interpretation of the 2007 Navarro/LPK supplier agreement, the Court invites the parties to cross file supplemental briefing directed to that issue, but *only* that issue.

Accordingly, the Court **ORDERS** that the parties shall have leave until **September 23, 2020**, in which to file a **brief of up to five pages in length**, directed solely at the issue discussed above, namely the extent to which Ohio law allows consideration of extrinsic evidence to interpret a contract in connection with a dispute between a signatory and a non-signatory to that contract.

**SO ORDERED.**

September 16, 2020
**DATE**

**DOUGLAS R. COLE**
**UNITED STATES DISTRICT JUDGE**