IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
Western Division - Cincinnati

| | |
|---|---|
| **ANNETTE NAVARRO MCCALL and NAVARRO PHOTOGRAPHY LLC,**<br><br>        Plaintiffs,<br><br>v.<br><br>**THE PROCTER & GAMBLE COMPANY and WALMART INC. (f/k/a WAL-MART STORES, INC.),**<br><br>        Defendants. | Case No. 1:17-cv-00406-DRC<br><br>Judge Douglas R. Cole<br><br>Magistrate Judge Karen L. Litkovitz |

**PLAINTIFFS' RESPONSE TO DEFENDANTS' MOTION FOR LEAVE TO PARTIALLY REDACT TRANSCRIPT**

### I.       INTRODUCTION

Defendants' motion seeking to redact portions of the summary judgment hearing transcript is unserious. Defendants have an exacting burden under Sixth Circuit law to justify sealing and they do not come close to meeting that burden—they don't even try. Defendants ask the Court to redact certain dollar amounts referenced at eight different places in the transcript. Defendants falsely contend that these dollar amounts reference the amount of "profits" that Navarro seeks to recover as damages. First, contrary to Defendants' misstatements at the hearing, these dollar amounts do not refer to Defendants' "profits" but rather to Defendants' "revenues." Thus, the dollar amounts allegedly referencing Navarro's claimed damages are meaningless numbers and meaningless numbers cannot possibly qualify for sealing. Second, even if the dollar amounts did refer to Navarro's damages claims based upon Defendants' profits as Defendants incorrectly assert, these amounts would not be entitled to be sealed because it is unfathomable

that the alleged dollar amount of Navarro's damages claims (or any other plaintiff's damages claim for that matter) could ever qualify for sealing.

## II. THE LEGAL STANDARD FOR SEALING

The Court is well familiar with the Sixth Circuit's rigorous test for information to be permanently sealed, having entered two sealing orders in this very case. *See* Dkt. 134 and 232; *Shane Group, Inc. v. Blue Cross Blue Shield*, 825 F.3d 299, 306 (6th Cir. 2016). To summarize this Court's recitation of Sixth Circuit law, the trial court must "set forth specific findings and conclusions 'which justify nondisclosure to the public.'" *Shane Grp*. 825 F.3d at 306. "A movant's obligation to provide compelling reasons justifying the seal exists even if the parties agree that the filings should be sealed, because litigants cannot waive the public's First Amendment and common law right of access to court filings." *Rudd Equip. Co. v. John Deere Constr. & Forestry Co.*, 834 F.3d 589, 595 (6th Cir. 2016). There is a "strong presumption in favor of openness," such that "only the most compelling reasons can justify nondisclosure of judicial records." *In re Nat'l Prescription Opiate Litig.*, 927 F.3d 919, 940 (6th Cir. 2019) (cleaned up). As this Court summarized, "the proponents of closure bear[] the burden of showing that 'disclosure will work a clearly defined and serious injury'" and concluded "*[i]n short, an identifiable injury is key*." Doc. 232, #13236 (citations omitted) (emphasis added).

## III. ARGUMENT AND ANALYSIS

Reviewing each of the eight entries from the summary judgment transcript that Defendants request be sealed against the Sixth Circuit's exacting standard including the requirement that Defendants establish an "identifiable injury" in the event of disclosure, it is apparent that Defendants' motion is not only unmeritorious but farcical.

The first entry is the statement by defense counsel that "the parties have been sued for over ▮▮▮▮▮." Tr. 72:16-17. Defense counsel makes a similar reference at the sixth entry regarding Navarro's alleged extravagant claim for "▮▮▮▮▮ in damages." Tr. 101:6-8. Defendants seek to redact their reference to ▮▮▮▮▮. Even if one assumes the accuracy of the statement that Navarro has sued Defendants for over ▮▮▮▮▮ (she has not), Defendants fail to explain why this statement must be sealed. Defendants cite no case for the proposition that the alleged amount of a plaintiff's damages claim is entitled to be sealed. In fact, the very suggestion that the amount a plaintiff claims the defendant owes it is so competitively sensitive that it must be sealed is preposterous.

Moreover, Defendants' statement that Navarro is suing them for over ▮▮▮▮▮ is false. And defense counsel knew the statement was false because Navarro called out Defendants for making the identical assertion in Defendants' summary judgment memorandum where they alleged that "Plaintiffs seek more than $600 million in relief." Doc. 185-1, #8334.[1] Navarro pointed out in her summary judgment response that this assertion was false and that "[i]n fact, the number referenced by Plaintiffs refers to the *revenue* calculations that both sides' experts agree are the amount of revenues based upon the infringing sales of P&G, Walmart, and other retailers." Doc. 209, #10104 n.15 (emphasis in original). Thus, defense counsel's reference at the hearing to Navarro's supposed damages claim for "over ▮▮▮▮▮," far from being some top secret number that must be sealed, is a meaningless number that purports to be a damages number based upon Defendants' profits when, in fact, it is neither: (i) it is not a damages number as Navarro has never sought ▮▮▮▮▮ in damages and (ii) it is not a number representing Defendants' "profits" but rather relates to their "revenues."

---

[1] Defendants did not redact their reference to the "$600 million" in their summary judgment brief yet ask the Court to redact this same reference by defense counsel to ▮▮▮▮▮" at the summary judgment hearing. Defendants fail to explain this inconsistency.

3

The next three dollar amounts that Defendants seek to redact all appear at page 89 of the transcript where defense counsel again falsely asserted that Navarro is "claiming ███████ in profits" for the "additional products," claiming ███████" in profits for Pro X and Regenerist, and claiming ███████" in profits based upon "usage limitation" violations. Tr. 89:11-14. These three dollar amounts are not entitled to be sealed for the same reason as the ███████ amount: (1) they are meaningless numbers that Defendants inaccurately represented to be damages claims based upon Defendants' alleged profits when, in fact, they are revenue numbers and Navarro does not seek these amounts as damages, and (2) to the extent the numbers were amounts that Navarro sought as damages for these particular copyright violations (they are not) then the amount of her damages claims could not possibly be subject to sealing.

The next entry that Defendants seek to redact is defense counsel's statement that the application of the three-year lookback period would allegedly "reduce [Navarro's] claim by about ███████." Tr. 90: 20-21. This number appears nowhere in the record and the summary judgment hearing was the first time it was referenced. Regardless of whether the statement is accurate (it is not), it is absurd to argue that the dollar amount of the alleged reduction in damages based upon the impact of the statute of limitations must be sealed.

The final two entries appear at page 110 where Navarro's counsel in rebuttal points out the factual misrepresentation made by defense counsel regarding the alleged $600 million damages claim. Tr. 101:14-25. ("The argument is that we have this outrageous extravagant damage claim. They're missing the point. We're not saying that we have a ███████ damages claim. All we're saying is the gross revenues are what they are. These are the product sales that were made in connection with the images. They are ███████, whatever it is. That's our burden. We acknowledge there's going to be a cost of goods deduction, and we'll

4

have a dispute about what deductions should be made.[2] That's their burden. We'll also have a dispute about the extent to which the photos contributed to images, to sales. They say zero. Not one penny.")[3] Again, it is implausible to argue that a mere statement by Navarro's counsel pointing out that Navarro, contrary to Defendants' assertion, is not seeking ▉▉▉▉▉▉ in damages is sealable.

On its face, none of these eight dollar amounts referenced in the transcript can possibly meet the Sixth Circuit's test for sealing. What is the "most compelling reason" that would cause a "clearly defined and serious injury" to Defendants unless these dollar amounts are shielded from public view?? There is none. Rather, Defendants incorrectly argue that this Court has supposedly "already agreed" that this "confidential profit information" should be sealed. Doc. 240, #13413. That is inaccurate. First, as discussed above, the underlying premise is incorrect as none of the dollar amounts relate to Defendants' "profit information." Second, the dollar amounts that the Court previously allowed Defendants to redact were the *specific* numbers that were taken directly from the expert reports. *See, e.g.*, Doc. 185-1, #8335 (redacted gross revenue numbers identified in Pat Gannon's original expert report).

Additionally, the Court should deny Defendants' motion for the independent reason that they offered the purportedly sealable information in open court, without any request to seal the

---

[2] Pat Gannon is one of Navarro's damages experts who performed the gross revenue calculations in his original report and the cost and expense calculations in his rebuttal report. Both reports were filed in redacted form and the redacted rebuttal report is filed as Document number 200-7. A comparison of P&G's gross *revenues* at Table 1 of Gannon's rebuttal report to P&G's incremental *profits* at Table 16 as well as Walmart's gross revenues at Table 17 to Walmart's incremental profits at Table 18 confirms that Navarro acknowledges Defendants are entitled to several hundred million dollars in cost deductions from their gross revenues to arrive at their incremental profits. The unredacted version of Gannon's rebuttal report has previously been provided to the Court for its in camera usage pursuant to the protocol established by the Court for documents that were either filed under temporary seal and/or redacted.

[3] As previously noted, Navarro made a similar correction in her summary judgment response to Defendants' factual misrepresentation in noting that "Defendants falsely claim that 'Plaintiffs seek more than $600 million in relief.'" Navarro's factual correction to Defendants' misstatement that she is not seeking ▉▉▉▉▉▉" in damages is obviously not entitled to be sealed, whether the correction appears in a brief or in a hearing transcript.

courtroom. Other than the last two entries, in which Navarro's counsel simply corrected the record that Navarro is not seeking ▇▇▇▇▇▇ in damages, defense counsel was the one who discussed these dollar amounts in open court without requesting that the courtroom be sealed and without prompting either by the Court or Navarro's counsel. If Defendants truly thought these dollar amounts were so competitively sensitive that they must be sealed, then defense counsel should have taken steps to protect this alleged confidential information and should not have gratuitously discussed them on the record in open court in the first place. While it is patently obvious that Defendants have failed to meet their heavy burden in proving these eight dollar amounts should be sealed, Defendants have also waived any sealing argument when their own counsel chose to place these dollar amounts in the record. "Once a hearing is conducted in open court, information placed on the record is just that: information that is *on the record.*" *Pfizer, Inc. v. Teva Pharm. USA, Inc.*, 2010 WL 2710566, at *4 (D.N.H. July 7, 2010) ("Ex-post facto sealing should not generally be permitted."); *see In re Google Inc. Gmail Litig.*, 2014 WL 10537440, at *5-6 (N.D. Cal. Aug. 6, 2014); *TriQuint Semiconductor, Inc. v. Avago Techs. Ltd.*, 2012 WL 1432519, at *2 (D. Ariz. Apr. 25, 2012) ("[T]he parties' requests are somewhat unusual in that they are seeking to seal portions of a transcript from a proceeding held in open court."); *Whitesell Corp. v. Whirlpool Corp.*, 2010 WL 11537527, at *1 (W.D. Mich. July 20, 2010) (denying motion to redact transcript because "the Court cannot conclude that the parties undertook reasonable efforts to maintain the secrecy of the information in light of parties' willingness to elicit and offer the information in open court").

To summarize, Defendants ask this Court to seal the dollar amounts that have already been discussed in open court at the summary judgment hearing, which dollar amounts are

nothing but Defendants' misrepresentations regarding alleged damages that Navarro is supposedly seeking but, in fact, is not seeking as damages.

For the foregoing reasons, the motion to seal should be denied in its entirety.

Dated: October 9, 2020

Respectfully submitted,

 /s/   Gary Cruciani
Gary Cruciani

**MCKOOL SMITH, PC**
Gary Cruciani *(pro hac vice)*
Carson Young *(pro hac vice)*
Chelsea A. Priest *(pro hac vice)*
300 Crescent Court, Suite 1500
Dallas, Texas 75201

John C. Greiner (0005551)
**GRAYDON HEAD & RITCHEY LLP**
312 Walnut St., Suite 1800
Cincinnati, Ohio 45202
Phone: (513) 629-2734
Fax: (513) 333-4316
Email: jgreiner@graydon.law

*Counsel for Annette Navarro McCall and Navarro Photography LLC*

7

4841-1819-5918