UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

ANNETTE NAVARRO, et al.,

    Plaintiffs,

  v.

PROCTER & GAMBLE
COMPANY, et al.,

    Defendants.

Case No. 1:17-cv-406
JUDGE DOUGLAS R. COLE

**OPINION AND ORDER**

This matter is currently before the Court on Plaintiffs' Motion for Limited Reconsideration Regarding the Court's Ruling on the Three-Year Look-Back Period Under the Copyright Act. (Mot. to Reconsider, Doc. 254). For the reasons set forth more fully below, the Court **DENIES** the Motion.

**LAW AND ANALYSIS**

The parties in this matter filed extensive cross-motions for summary judgment raising myriad issues and resulting in more than three hundred pages of briefing, plus hundreds of pages more in evidence, for the Court to consider. (Pls.' Mot for Partial Summ. J., Doc. 188; Defs.' Mot for Summ. J., Doc. 185). One of the issues that the Court addressed in its 125-page Opinion on those cross motions was the question of the look-back period during which Plaintiffs could claim damages for copyright infringement. (Op. & Order on Summ. J., Doc. 247, #13679–89). As the Court acknowledged in its decision, resolving this issue required the Court to reconcile two arguably conflicting principles. First, under Sixth Circuit precedent, the statute of

limitations for Copyright Act infringement claims involves a "discovery rule," under which the limitations period for a particular infringing act does not begin to run until the plaintiff knows, or reasonably should have known, of the infringing act. *See Roger Miller Music, Inc. v. Sony/ATV Publ'g, LLC,* 477 F.3d 383, 390 (6th Cir. 2007) (citing *Rhyme Syndicate Music*, 376 F.3d 615, 621 (6th Cir. 2004)). The second principle at issue here, that recovery may be had only for damages that occurred in the three-years preceding suit, arises from the Supreme Court's recent decision in *Petrella v. Metro-Goldwyn-Mayer, Inc.*, 572 U.S. 663, 671 (2014) ("Under the Act's three-year provision, an infringement is actionable within three years, and only three years, of its occurrence. And the infringer is insulated from liability for earlier infringements of the same work.").

While there is undoubtedly tension between the two principles, the only appellate court to address that tension to date—the Second Circuit—has held that both a discovery rule and a three-year damages look-back can exist simultaneously. *See Sohm v. Scholastic*, 959 F.3d 39 (2d Cir. 2020). The *Sohm* Court reconciled the two by finding that copyright law includes both a statute of limitations, violation of which would prevent the plaintiff from bringing suit as to a particular infringement at all, and a separate damages bar, which limits damages, even for viable infringement claims, to the three-year "look-back" period prior to the date the plaintiff brought suit. *Id.* at 51.

Although the Second Circuit's decision is not binding on this Court, the Court nonetheless found the reasoning there persuasive. (*See* Op. & Order on Summ. J.,

Doc. 247, #13688). As the *Sohm* Court noted, the language regarding the three-year look-back period in *Petrella* was both clear and necessary to the decision there, the latter of which means that the clear language cannot be dismissed as mere dicta. *Sohm*, 959 F.3d at 52.

That said, this Court also acknowledged that some courts, including at least one district court in this Circuit, have concluded that *Petrella*'s damages look-back language does not in fact change the operation of the discovery rule. (Op. & Order on Summ. J., Doc. 247, #13688 (citing *Mitchell v. Capitol Records, LLC,* 287 F. Supp. 3d 673, 677 (W.D. Ky. 2017))). Under that interpretation of *Petrella*, plaintiffs can recover damages for all periods of infringement, no matter how far back in time, so long as plaintiffs bring their action within three years of first discovering the infringement.

As *Petrella*'s clear language limits recovery to a three-year window prior to suit, 572 U.S. at 677, though, this Court rejected that latter understanding. (Op. & Order on Summ. J., Doc. 247, #13689). Instead, the Court adopted *Sohm*'s reasoning, although noting that, as an operational matter, *Sohm*'s damages bar in many ways transformed the Copyright Act's discovery rule into an occurrence rule. (*Id.*).

Navarro now asks this Court to reconsider its resolution on the question of law regarding the three-year look-back. (Mot. to Reconsider, Doc. 254). In Navarro's motion, she concedes that her briefing on the matter in her original one-hundred-plus pages of briefing was a little sparse. (*Id.* at #13844). Accordingly, she now seeks to supplement her argument by citing to what she characterizes as the "overwhelming

3

majority" of district court cases that have determined that, *Petrella* notwithstanding, there is no three-year limit on the look-back period for copyright damages. (*Id.* at #13849–52). All but one of these cases, it bears noting, are cases that Navarro could have cited, but did not, in her lengthy briefing in this matter.[1]

The Court is not inclined to revisit its prior ruling. As Navarro acknowledges, the Court spent significant time reviewing and considering the extensive arguments that the parties made, and the sources and evidence that they cited. (*Id.* at #13844–45). It appears that Navarro now wishes she had supplemented her original argumentation on this point. But, undoubtedly, every party that loses on one issue or another wishes that they had said more, expressed their point differently, or marshaled more support for their position.

These regrets, however, often come too late, as courts rarely grant motions for reconsideration. *Young v. Harris*, No. 1:18-cv-411, 2019 WL 2352556, at *1 (N.D. Ohio June 4, 2019) ("Motions for reconsideration, though frequently brought, are granted only in rare and unusual circumstances.") (citing *Plaskon Elec. Materials, Inc. v. Allied Signal, Inc.*, 904 F. Supp. 644, 669 (N.D. Ohio 1995)). In fact, courts grant reconsideration only in three narrow circumstances: "(1) because of an intervening change in controlling law; (2) because evidence not previously available has become available; or (3) because it is necessary to correct a clear error of law or preventing

---

[1] The lone exception is Navarro's citation to *D'Pergo Custom Guitars, Inc. v. Sweetwater Sound, Inc.*, No. 17-cv-247-LM, 2019 WL 294514, at *8-*11 (D.N.H. Jan. 28, 2021). The District of New Hampshire issued this case eight days after this Court's summary judgment ruling. This case, however, neither represents a "change in controlling law" or a new argument that the Court has yet to consider. Accordingly, Navarro's citation to that case does not sway the Court's decision on her Motion for Reconsideration.

4

manifest injustice." *Id.* (quoting *Boler Co. v. Watson & Chalin Mfg. Inc.*, 372 F. Supp. 2d 1013, 1025 (N.D. Ohio 2004)).

Notably, a party cannot use a motion for reconsideration to merely reargue its original position. *Id.* at *2 (denying a motion for reconsideration because "Petitioner's Motion merely re-hashes the merits of his case"). Similarly, a party cannot use a motion for reconsideration to supplement its original position with new argument, or new cases, that it could have brought to the Court's attention earlier, but did not. *Roger Miller Music, Inc.*, 477 F.3d at 395 ("[P]arties cannot use a motion for reconsideration to raise new legal arguments that could have been raised before a judgment was issued.") (citing *Sault Ste. Marie Tribe of Chippewa Indians v. Engler,* 146 F.3d 367, 374 (6th Cir. 1998)).

It is a party's obligation to present its best case in its original motion. Courts likewise must make their best determination based on the arguments and authorities that the parties present. And once a court decides a given issue, the case must move forward on those terms. To hold otherwise not only would undermine a party's incentive to fully and accurately press its arguments in the first instance, but also would invite endless requests for reconsideration—a result that serves no one's interests.

That is particularly true here, where Navarro's new motion includes no arguments that the Court had not already considered. The Court was aware that some other district courts, including one in this Circuit, had rejected the *Sohm* Court's reasoning. And the Court, armed with that knowledge, already explained why

5

this Court found *Sohm* persuasive. Informing the Court now that there are additional district courts that have declined to adopt *Sohm*'s view on this issue does not really move the ball one way or the other.

None of this is to say that the Court was necessarily *correct* in its resolution of this matter. The Court freely acknowledged—and continues to acknowledge—the tension between the three-year damages look-back and the discovery rule, and the Court recognizes and appreciates that its resolution of that tension (i.e., adopting *Sohm*) may be wrong. The avenue for establishing the answer to that question, though, lies in an appeal to the Sixth Circuit, not in a request for this Court to reconsider its just-issued decision, especially not based on case law that could have been, but was not, cited in the parties' briefs.

But Navarro also raises a practical concern. As Navarro explains, the Court's ruling on the three-year damages look-back period means that damages evidence from outside that period is irrelevant. This in turn means that the jury will not consider the appropriate damages award for that period. This could create problems, Navarro posits, if the Sixth Circuit were to reverse this Court's determination on the look-back issue. If that were to happen, the parties would need a new trial, at least as to more-than-three-year-old damages. Navarro claims that is not an efficient approach, and suggests instead that the Court permit something like a conditional jury verdict as to those earlier periods. (Mot. for Reconsideration, Doc. 254, #13853). That is, if the jury finds liability, the jury also would be asked to determine the damages for every year from when the allegedly infringing conduct first occurred. The

6

Court's judgment would include only those damages for the three-year look-back period. But, if the Sixth Circuit were to reverse on the legal issue, the other damages figures would be available, obviating the need for a new trial.

This is an intriguing idea. But the problem is that the three-year-look-back issue is not the only damages issue that raises such concerns. The Court made other legal determinations that the Sixth Circuit may well reverse on appeal. This includes other damages determinations, such as, for example, the Court's decision to exclude certain products from the revenue base for the profits-based-damages theory. (Op. & Order on Summ. J., Doc. 247, #13697–701, 13707–12) (granting Defendants summary judgment on Navarro's claims for damages related to "additional products" advertised near P&G's products, and for profits from sales of third-party retailers who are not named as defendants in this action). In a similar vein, Defendants currently have a motion pending that asks the Court to decide whether the judge or the jury is the appropriate decisionmaker regarding lost-profits awards under copyright law. (Mot. to Bifurcate, Doc. 248). This is also a close issue on which the Court's determination— one way or the other—could be subject to reversal on appeal, potentially requiring a new trial. So, it is not at all clear to the Court why a "conditional verdict" that accounts for some of these damages-related issues, but not others, does much to help the problem overall.

Then, there is the separate issue of whether the Court could even allow a jury to hear and consider damages for periods that the Court has ruled are outside the scope of recovery as a matter of law. *See* Fed. R. Civ. P. 39.

7

Given these concerns, the Court's inclination is to proceed to trial based on the issues that the Court has concluded are "live" after its summary judgment ruling. Perhaps if all parties had agreed that Navarro's proposed approach made sense, the Court's answer may have been different. After all, the possibility of remand for a new damages hearing (if Navarro prevails on liability, but the Court is wrong about the applicable damages period) could impose additional back-end costs on both parties. But Defendants have indicated that they do not prefer this approach. Accordingly, Navarro will be limited for damages purposes at trial to the three-year look-back period specified in the Court's ruling on the cross-motions for summary judgment.

## CONCLUSION

For the reasons discussed above, the Court **DENIES** Navarro's Motion for Reconsideration. (Doc. 254).

**SO ORDERED.**

March 10, 2021
**DATE**

**DOUGLAS R. COLE**
**UNITED STATES DISTRICT JUDGE**